[Crim. No. 1595. In Bank.—March 9, 1911.]

## THE PEOPLE, Respondent, v. DEMETRY TRESCHENKO, Appellant.

MOTION TO SET ASIDE INFORMATION—NON-REPRESENTATION BY COUNSEL—UNFAMILIARITY WITH ENGLISH—EVIDENCE NOT WRITTEN UP—CONTINUANCE REFUSED—MOTION PROPERLY DENIED.—Upon a motion by a defendant not familiar with English, to set aside the information for non-representation by counsel, without understanding his right, and for a continuance of the hearing until the evidence was written up which had not been filed in time, it was held that the court might ·well have granted a continuance until the reporter's duty was done, and have taken steps to compel its performance; but that it cannot be said that the refusal of the continuance amounted to error, if the defendant was not prejudiced thereby in a substantial right; and as he had it in his power to support the motion to set aside the information by his affidavit, and as there was no evidence to support the motion, it was properly denied.

ID.—INFORMATION FOR MURDER—INSTRUCTION AS TO GRADES OF OFFENSE—ADOPTION OF LANGUAGE OF CODE NOT MISLEADING.—Under an information for murder, an instruction as to the grades of the offense, by defining the degrees of murder, and the crime of manslaughter, in the language of the code, was not misleading, where no instruction in elaboration or exposition of the principles of the code definition was requested by the defendant.

ID.—PROPOSAL OF DEFENDANT TO MOVE FOR NEW TRIAL AND PREPARE RECORD—PROPER EXTENSION OF TIME.—Where defendant's counsel proposed to move for a new trial and requested ·an extension to prepare the record, and such extension was granted within the fifteen day limit authorized by the court, such extension does not of itself entitle the defendant to a new trial because no motion was then pending and undetermined. It is sufficient that such motion was in contemplation, and was declared to be desired, and that the extension was accepted as satisfactory by defendant's counsel.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, Emerson W. Read, E. B. D. Spagnoli, and Thomas Barlow, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, for Respondent.

HENSHAW, J.—The appellant was convicted of murder in the first degree and the death penalty was imposed. Upon this appeal he contends:—

1. That the court erred in refusing to grant a continuance requested upon the ground that the evidence and testimony taken in the police court upon the preliminary examination had not been written up and filed in the office of the clerk of the superior court as required by law. The court, having denied this motion directed the defendant to plead to the information. Defendant thereupon moved that the information be set aside upon the ground that he had not been legally committed for the reason that he had not been represented by counsel upon his preliminary examination in the police court, and that, through his ignorance of and unfamiliarity with the English language, he did not understand his right to be represented by counsel. Where non-performance of an official duty is shown, such as the failure of the reporter to file a transcript of the testimony taken at the preliminary examination within the time prescribed by law, the court might well have granted a continuance until this was done, and likewise have taken measures to see that it was promptly done. But it may not be said that the court's refusal to grant the motion amounted to error, unless it can be seen that the defendant was prejudiced in a substantial right, and this is not made to appear. For, upon the motion which followed to set aside the information on the ground that he was not represented by counsel, and to support which motion he desired the transcript of the proceedings upon the preliminary examination, such a transcript while evidence, was not the only evidence available to defendant. If the grounds of his motion were true, he could at the time of its presentation have supported it by affidavit. As this record stands, there is no evidence whatsoever in support of the motion and it was therefore properly denied.

2. The court instructed the jury in the language of the code as to the definition of murder and manslaughter, their kinds and degrees. Complaint is made that these instructions confused and misled the jury. The court, however, adopted the language of the code, and no instruction in elaboration or exposition of the principles of the code definitions was requested by defendant. The plain and explicit language of the code sections could not mislead a jury.

3. Defendant moved for a new trial, his motion being based on the following state of facts as disclosed by the record: After recordation of the verdict the court, addressing counsel, said:—

"How with reference to the sentence, gentlemen?

"Mr. Boardman: (For defendant) We will want time to move for a new trial and to have the record.

"Mr. Hanley: (For the prosecution) The 25th?

"The Court: September 25th for judgment?

"Mr. Hanley: A week from to-morrow.

"The Court: A week from to-morrow?

"Mr. Boardman: That is satisfactory."

It is contended that the court, in thus postponing the pronouncement of judgment for a period of more than five days after the verdict, violated the provisions of section 1191 of the Penal Code, and that under the provisions of section 1202 of the same code defendant was entitled to a new trial. In support of this position *Rankin* v. *Superior Court,* 157 Cal. 189, [106 Pac. 718], is relied on. Section 1191 contemplates that judgment shall be pronounced in not less than two nor more than five days after the verdict or plea, provided that the court may extend the time, not more than ten days longer for the purpose of hearing or determining any motion for a new trial or in arrest of judgment. In the case of *Rankin* v. *Superior Court* the verdict was returned upon September 10, 1909, and the seventh day of January, 1910, was fixed by the court as the date for pronouncing judgment. This date was far beyond the time to which, under any power, the court could delay pronouncing judgment. In the case at bar the time which the court fixed—seven days after verdict—was within fifteen days —the maximum time allowed, excepting in cases of probation or insanity. It is not necessary for the exercise of the court's discretion in extending the time beyond the five days and less

than the fifteen days, that a motion for new trial should actually be pending and undetermined. It is sufficient, as in the case here presented, that a motion for a new trial was in contemplation, that the defendant's counsel declared that they desired to move for a new trial and expressed themselves as satisfied with the date which the court fixed, which was within the maximum limit of fifteen days which the statute allows.

Consideration of no other questions being asked upon this appeal, for the reasons given, the judgment and order appealed from are affirmed.

Angellotti, J., Sloss, J., Lorigan, J., Melvin, J., and Shaw, J., concurred.

Rehearing denied.