TERRITORY, appellant, *v.* BURNS, respondent.

CRIMINAL LAW — *Carrying concealed weapon — Indictment.* — An indictment for carrying a concealed weapon upon the person need not contain an averment negativing the exception contained in the statute, providing that the act shall not apply to peace-officers in the discharge of their official duties.

AN INDICTMENT NEED NOT NEGATIVE AN EXCEPTION contained in the statute, unless such exception be necessary to a complete definition of the offense.

*Appeal from First District, Gallatin County.*

THE opinion states the facts.

HENRY H. BLAKE, District Attorney, and WILLIAM H. HUNT, Attorney-General, for the appellant.   They cite the cases quoted in the opinion, and note the distinction of the case of *State* v. *Loope*, 26 Ind. 106, upon which the court below based its decision.

J. L. STAATS, for the respondent.

GALBRAITH, J.   This is an appeal from a judgment rendered in consequence of an order sustaining a demurrer to the indictment.   The offense charged in the indictment was that of bearing a deadly weapon concealed upon the person.   This offense is prohibited by the following legislative enactment: "Section 1. It shall be unlawful for any person within the limits of any city, town or village in this territory to bear concealed upon his person any dirk, dagger, pistol, revolver, or other deadly weapon.

"Sec. 2. Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not less than $10 nor more than $100.

"Sec. 3. This act shall not apply to peace-officers in the discharge of their official duties."

The demurrer was only upon the ground that the facts stated in the indictment did not constitute a public offense. The charging part of the indictment was as follows: "That Patsey Burns, late of the county of Gallatin aforesaid, on the 5th day of February, A. D. 1885, at the county of Gallatin aforesaid, did unlawfully bear concealed upon the person of him, the said Patsey Burns, a deadly weapon, to wit, a certain revolver, within the limits of the town of Timberline, county of Gallatin aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the territory of Montana."

It is claimed by the respondent that the failure to aver that he was not a peace-officer in the discharge of his official duty, and thus to negative the exception contained in the statute, renders the indictment fatally objectionable to the foregoing demurrer.

It is a rule of pleading in criminal law that the indictment should set forth all that is necessary to constitute a complete description of the offense charged. This is especially true of statutory offenses, which is the character of the misdemeanor alleged in the above indictment. The indictment in such case should state all the ingredients of which the offense charged is constituted as contained in the statute which declares and defines such offense. When that is done, the prosecution has set forth a *prima facie* case, which is all that the law requires.

When an exception is stated in the statute, it is not necessary to negative such exception unless it is a constituent part of the definition of the offense. The exception must be a constituent or an ingredient of the offense declared by the statute, in order to require that it shall be negatived by the indictment. It would appear to have formerly been the rule, that, "if the exceptions themselves are stated in the enacting clause, it will be necessary to negative them in order that the description of the crime may in all respects correspond with the statute." 1 Ch. Crim. L. 283, 284. But even then the rule as stated by the same author was that, "when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Nor is it even necessary to allege that he is not within the benefit of its provisos, though the purview should expressly notice them, as by saying: "None shall do the act prohibited except in the case thereinafter excepted. For all these are matters of defense, which the prosecutor need not anticipate, but which are more properly to come from the prisoner." In the case at bar, the exception is not contained in what

is usually termed the enacting clause, but in a subsequent section. Under the law as stated above it was not necessary to negative the exception.

But however correct or otherwise this view may be, the current of authority now is that it makes no difference in what part of the statute the exception may appear; whether in what is commonly called the enacting clause or not. The criterion which determines the necessity to negative such exception is that it be a constituent or ingredient of the offense. In other words, that such exception is necessary to its complete definition. When the exception is not a part of the definition of the offense, and in this way does not, therefore, become a part of the enacting clause, it is a matter of defense. The enacting clause of a statute is not necessarily alone, or only that which purports to be such, but comprehends every part of the statute which should be stated in order to define the offense with clearness and certainty. When this view of what constitutes the enacting clause is considered, it will be seen that the rule in relation to what should be set forth in indictments for statutory crimes has been uniform. The exception contained in the above statute is not a part of the definition of the offense; therefore, without negativing the exception, the indictment is sufficient within the meaning of our statute, which provides "that the indictment shall be sufficient if it can be understood therefrom: . . 4. That the offense charged is clearly set forth in plain and concise language, without repetition; and 5. That the offense charged is stated with such a degree of certainty that the court may pronounce judgment upon conviction according to the right of the case."

This view is sustained by the following authorities: *United States* v. *Cook*, 17 Wall. 168; *State of Nevada* v. *Ah Chew*, 16 Nev. 50; *Territory.* v. *Scott*, 2 Dakota, 212; *State* v. *Robey*, 8 Nev. 321; *People* v. *Nugent*, 4 Cal. 341; *Foster* v. *People*, 1 Col. 294; *Commonwealth* v. *Hart*, 11 Cush. 137; *Commonwealth* v. *Jennings*, 121 Mass. 49; *Commonwealth* v.

*Byrnes,* 126 id. 249; *Commonwealth* v. *McClanahan,* 2 Met. (Ky.) 8; *Fleming* v. *People,* 27 N. Y. 329.

The judgment is reversed, and the cause remanded with directions to the court below to overrule the demurrer to the indictment.

The same order is made in the case of *The Territory of Montana* v. *Patsey Burns,* the same defendant, where the indictment was for drawing and exhibiting a deadly weapon in the presence of one or more persons, in a rude, angry, or threatening manner, not in necessary self-defense, and where a similar objection was interposed.

*Judgment reversed.*

WADE, C. J., concurred.