STATE, APPELLANT, v. WILLIAMS, RESPONDENT.

CRIMINAL PLEADING — *Negative matter — Rape — Pleading exceptions.* — In an indictment for rape it is not necessary to allege that the female injured is not the wife of the defendant, as such negative matter is not an ingredient or constituent of the offense, but is in the nature of matter of defense.

*Appeal from Third Judicial District, Custer County.*

An objection by the defendant to the introduction of any testimony under the indictment was sustained by LIDDELL, J.

*Henri J. Haskell*, Attorney-General, for the State, Appellant.

*James H. Garlock*, for Respondent.

DE WITT, J. — The defendant was indicted in the District Court of Custer County, May 13, 1889, for the crime of rape. The charging portion of the indictment is as follows: "That E. J. Williams, with force and arms, in and upon one Mary Williams, then and there being a female child under the age of fifteen years, to wit, of the age of thirteen years, feloniously, violently, and unlawfully did make an assault, and her, the said Mary Williams, then and there feloniously did ravish, and carnally know, contrary to the form of the statute," etc. The law of the then Territory on which the indictment was found is, as far as relates to the question upon appeal, as follows: "Sec. 46. Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: (a) Where the female is under the age of fifteen years." (Comp. Stats. fourth div. § 46, p. 509.) "Sec. 47. The essential guilt of rape consists in the outrage to the person and feelings of the female." (Comp. Stats. fourth div. § 47, p. 510.)

On the trial, the defendant objected to the sufficiency of the

indictment, on the ground that it did not aver that the female was "not the wife of the perpetrator" of the alleged rape. The objection was by the court sustained, and the defendant discharged. The Territory reserved the question of law by exception, which appears in the record, and appealed to this court.

One question only is presented, viz., is it required that the indictment should contain the negative allegation, "not the wife of the perpetrator?" We have to determine whether the negative matter mentioned in the statute is of such character that it may be deemed an exception, and not necessarily to be pleaded, or whether it be an essential element of definition, requiring allegation and proof by the prosecutor.

The rules, as laid down by the authorities, are clear; but the application is sometimes attended with difficulty. (1 Bishop's Criminal Practice, § 385.) The rule is anciently stated as follows: "Where an exception is incorporated in the body of the clause, he who pleads the clause ought also to plead the exception; but when there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he shall plead the clause, and leave the adversary to show the proviso." (*Jones* v. *Axen*, 1 Raym. Ld. 119, cited in *United States* v. *Cook*, 17 Wall. 177.) And again: "If there be an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party." (*Commonw.* v. *Hart*, 11 Cush. 134. See, also, 1 Bishop's Criminal Practice, § 378.)

So many apparent exceptions to the rule have been made, and so many applications of the same that are in conflict with the exact letter, but not the spirit thereof, that the rule may be well stated, as in *Territory* v. *Burns*, 6 Mont. 74. "When an exception is stated in the statute, it is not necessary to negative such exception, unless it is a constituent part of the definition of the offense. The exception must be a constituent or ingredient of the offense declared by the statute, in order to require that it should be negatived by the indictment." It makes no difference in what part of the statute the exception may appear, whether in what is commonly called the "enacting clause," or not. The criterion which determines the necessity to negative

such exception is that it be a constituent or ingredient of the offense; in other words, that such exception is necessary to its complete definition. (See, also, *Territory* v. *Jaspar*, 7 Mont 1.)

In *Territory* v. *Burns, supra,* defendant was indicted for carrying concealed weapons. A separate section of the act defining the offense provided that the act should not apply to peace officers in the discharge of their official duties. It was held that the indictment need not plead the exception.

In *State* v. *Robey,* 8 Nev. 312, the question was presented whether an indictment charging an assault with a deadly weapon, with intent to inflict bodily injury, should contain the words " committed without considerable provocation," or " where the circumstances of the assault show an abandoned and malignant heart." It was held that these allegations were not essential to the indictment, although they are as thoroughly imbedded in the enacting clause as are the words which the defendant in the case at bar claims should have been found in the indictment against him.

In the case of *Commonw.* v. *Fogerty,* 8 Gray, 491; 69 Am. Dec. 264, the court says: "Nor was it necessary to allege that the prosecutrix was not the wife of defendant. Such an averment has never been deemed essential in indictments for rape, either in this country or in England. The precedents contain no such allegation." (See authorities cited in that case.) But in Massachusetts the allegation in question may be placed in the indictment, so that, if the proof of rape fails, a conviction can be sustained under the statutes of that State for fornication or adultery.

The statute of California upon rape, as charged in this indictment, is literally the same as that of Montana. In *People* v. *Estrada,* 53 Cal. 600, the indictment was for an assault with intent to commit rape. The court say that it is not necessary to allege that the assaulted person was not the wife of the defendant. This case, however, sheds no light upon the principle, as no reasons are given for the decision. It certainly appears that the negative matter in the statute under consideration is incorporated in the enacting clause. But as to the offense of rape, the weight of authority is that it need not be alleged in the indictment that the female is not the wife of the perpetrator.

In so holding, there seems to be a departure from the rules as to pleading negative averments. The reason for the apparent departure can only be upon the ground that the negative matter is not an ingredient or constituent of the crime. The essential element of the offense is the outrage to the person and feelings of the female, and not that it is committed against one female rather than another. The offense would exist in an act of sexual intercourse committed with any female, under any of the circumstances set forth in the subdivisions of section 46, with the exception, not of a class of females, but of a single individual, viz., the wife of the perpetrator. The authorities hold that this exception is in the nature of matter of defense; this, presumably, from the nature of the offense, and the exception. We shall therefore hold the indictment good.

The judgment of the lower court is reversed, and the case is remanded for further proceedings in accordance with the views herein expressed.

BLAKE, C. J., and HARWOOD, J., concur.