STATE, RESPONDENT, *v.* MORRISON, APPELLANT.

(No. 3,180.)

(Submitted June 24, 1912.  Decided June 25, 1912.)

[125 Pac. 649.]

*Criminal Law—Rape—Information—Evidence—Sufficiency.*

Rape—Information—Sufficiency.
 1. An information is sufficient to charge the crime of rape, though not alleging that the ravished female was not the wife of accused.
Same.
 2. An information for rape, alleging that the act was committed by force and against the will and consent of the female, is sufficient, under Revised Codes, section 8336, subdivisions 3 and 4, declaring that rape is committed where the female's resistance is overcome by force or threats, and authorizes proof that the act was committed under the circumstances provided for in either subdivision.
Criminal Law—Sufficiency of Evidence—Questions for Jury.
 3. The weight and sufficiency of the evidence in a criminal prosecution is a question for the jury.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

JOHN P. MORRISON was convicted of rape, and appeals from the judgment of conviction, and from an order denying him a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Geo. A. Maywood,* for Appellant.

The great weight of authority seems to hold that a statute defining rape, as our authority defines it, requires that the information should allege that the person upon whom the offense is committed is not the wife of the defendant. (*People* v. *Miles,* 9 Cal. App. 312, 101 Pac. 525; *Rice* v. *State,* 37 Tex. Cr. 36, 38 S. W. 801; *People* v. *Everett,* 10 Cal. App. 12, 101 Pac. 528.)

The information in the case at bar does not follow the language of the statute in alleging the circumstances or any one of the circumstances named in the six paragraphs of the statute, and the defendant going to trial under such an information is wholly at a loss to know the kind of testimony that he is expected and has to meet in the case. If the information indicated anything at all by its allegation, it was that it was intended to be drawn and the offense charged under paragraph 3 of section 8336, Revised Codes, and the whole of the testimony introduced by the state was in an effort to establish the guilt of the defendant under paragraph 4 of this section. The defendant should be informed of the circumstances that the state will bring forward and prove in order to obtain a conviction, and an information failing to do so is insufficient. (*Territory* v. *Carland,* 6 Mont. 14, 9 Pac. 578; 22 Cyc. 326, 327; *Parker* v. *Territory,* 9 Okl. 109, 59 Pac. 9; *Lawton* v. *Territory,* 9 Okl. 456, 60 Pac. 93.)

The testimony shows that the prosecutrix could have had help at the very moment when she needed it, when it would have prevented the consummation of the act complained of, if she had wanted it. She did not want it; she did not call upon it. She made no outcry or call for help when that help stood within ten

feet of her, but contented herself by whispering to her companion, "There comes somebody."

In what appears to be a well-considered opinion in the case of *Sowers* v. *Territory,* 6 Okl. 436, 50 Pac. 257, the court, after discussing the statute of Oklahoma, identical with that of Montana defining rape, says: "There must have been threats of great bodily harm—immediate bodily harm—and those threats have been accompanied by a power of execution, which at the time was apparent to the prosecutrix; not only this, but she must have believed at the time that those threats would be carried into immediate execution, unless she ceased from resisting and acquiesced in the act of the accused." (Citing *Osgood* v. *State,* 64 Wis. 472, 25 N. W. 529; *State* v. *Hagerman,* 47 Iowa, 151; *Mahoney* v. *People,* 43 Mich. 39, 4 N. W. 546; *State* v. *Burgdorf,* 53 Mo. 65; *Whittaker* v. *State,* 50 Wis. 518, 36 Am. Rep. 856, 7 N. W. 431; *Brown* v. *People,* 36 Mich. 203; see, also, *People* v. *Benson,* 6 Cal. 221, 65 Am. Dec. 506; *Bueno* v. *People,* 1 Colo. App. 232, 28 Pac. 248.)

The court unreasonably restricted the defendant in the introduction of testimony by sustaining the objections of the prosecution to the introduction of evidence of specific acts of unchastity on the part of the prosecutrix. This testimony would have been material to the defendant in making it more probable that the prosecutrix did not resist and that she did acquiesce in the act, and also in establishing her character for unchastity. (*People* v. *Benson,* 6 Cal. 221, 65 Am. Dec. 506.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. J. A. Poore,* Assistant Attorney General, for Respondent.

In the majority of states—having statutes differing from ours, in that the words "not the wife of the perpetrator" are omitted—it is held not necessary to allege the fact that the female was not the wife of the perpetrator. (33 Cyc. 1440, and cases cited.) But it is held in all these states that it is competent for the person to show in defense of the charge of rape alleged to have been actually committed by him that the woman on whom it is charged to have been committed was his wife, but that this fact

need not be alleged in the information. (*Commonwealth v. Landis*, 129 Ky. 445, 16 Ann. Cas. 901, 112 S. W. 58; *Commonwealth* v. *Fagerty*, 8 Gray (Mass.), 489, 69 Am. Dec. 264; *State* v. *Williamson*, 22 Utah, 248, 83 Am. St. Rep. 780, 62 Pac. 1022.)

This information was sufficient to negative the idea that the prosecuting witness was defendant's wife, and an allegation that she was not his wife was unnecessary. (*Garner* v. *State*, 73 Ark. 487, 84 S. W. 623; *Hust* v. *State*, 77 Ark. 146, 91 S. W. 8; *State* v. *White*, 44 Kan. 514, 25 Pac. 35; *Curtis* v. *State*, 89 Ark. 394, 117 S. W. 521.)

The cases of *People* v. *Pacheco*, 70 Cal. 473, 11 Pac. 761, *People* v. *Snyder*, 75 Cal. 323, 17 Pac. 208, *Harmon* v. *Territory*, 5 Okl. 368, 49 Pac. 55, *State* v. *Delvecchio*, 25 Utah, 18, 69 Pac. 59, hold, under statutes identical with ours, that: "When the information states that the act was committed by force and violence and against the will and consent of the female, it is substantially equivalent to stating that she resisted, and that her resistance was overcome by violence, or that she was prevented from resisting by threats of immediate and great bodily harm accompanied by apparent power of execution," are sufficient.

The extent of resistance required to establish want of consent is governed by the circumstances of the case and the grounds for apprehending great bodily harm. (*People* v. *Connor*, 126 N. Y. 278, 27 N. E. 252; 33 Cyc. 1428, and cases cited.)

Evidence of specific acts of unchastity on the part of the prosecutrix with others than the defendant is inadmissible. (*People* v. *Ogden*, 39 Or. 195, 65 Pac. 454; 33 Cyc. 1478, and cases cited.) California holds to the contrary, but in the case of *People* v. *Shea*, 125 Cal. 151, 57 Pac. 885, the former holdings of that court are reviewed, and it is held that the weight of authority is that such evidence is inadmissible.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendant appeals from a judgment of conviction of rape, and from an order denying his motion for a new trial.

1. The information fails to charge that the female upon whom [1] the crime is alleged to have been committed was not the

wife of the accused. It is therein alleged, however, that she bears another name than that of Morrison. As long ago as 1890, this court held, under a statute similar to that now in force, that the allegation was unnecessary. (See *State* v. *Williams*, 9 Mont. 179, 23 Pac. 335.) It was proven at the trial that the prosecutrix was not the defendant's wife. A mere rule of criminal pleading is involved—a rule which has been settled for over twenty years in this state. No injustice or hardship can result, whichever rule is adopted; and we therefore decline to overrule the case of *State* v. *Williams, supra.*

2. Section 8336, Revised Codes, declares that rape is committed: " * * . * 3. Where [the female] resists, but her resistance is overcome by violence or force. 4. Where she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution," *etc.* It is contended that the information should set forth with particu-
[2]  larity the facts constituting the offense under either paragraph 3 or paragraph 4 of the statute, *supra.* The information alleges that the defendant willfully, violently, and feloniously, and against the will and consent of the prosecutrix, feloniously ravished and carnally knew her. "When the information stated that the act was committed by force and violence, and against the will and consent of the female, it was substantially equivalent to stating that she resisted, but that her resistance was overcome by violence, or that she was prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution. Under the information as it reads, it was competent to prove that the act was committed under the circumstances provided for in either of the subdivisions" of the statute. (*People* v. *Pacheco,* 70 Cal. 473, 11 Pac. 761.) We think the foregoing is both good common sense and good law, and therefore hold the information sufficient in this regard.

3. What has just been said disposes of the contention of the appellant that the court erred in inserting in his requested instruction No. 9 the words, "or was not prevented by threats of immediate and great bodily harm, accompanied by apparent power of execution."

4. It is contended that the evidence is insufficient to sustain a [3] judgment of conviction. We shall not quote it. Suffice to say that, in our judgment, it has substance enough to warrant a verdict of guilty, if the jury believe the tale of the prosecutrix. Different minds might form different conclusions as to its weight, force and effect; but under the jury system it was for that body to determine those questions. The writer of this is of the opinion that, taking all the evidence in the record into consideration, the jury ought not to have believed her story to the effect that she was raped; but they did believe it, and it was their privilege and province to do so, if they saw fit.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied September 10, 1912.