O'NEILL v. JORDAN, U. S. Marshal.

(Second Division. Nome. March 28, 1914.)

No. 2515.

CRIMINAL LAW ⬤⟿258(2)—HABEAS CORPUS ⬤⟿29—JUDGMENT—TIME
OF RENDERING.

> The petitioner was convicted of libel in the justice court, and
> sentenced within less than six hours after the verdict, without
> his consent.   He brought habeas corpus to secure release upon
> that ground, contending the judgment was null and void under
> section 2287, Comp. Laws Alaska 1913.  *Held*, petition denied,
> because the provisions of section 2287, Comp. Laws Alaska 1913,
> apply only to the rendition of judgments in the district courts,
> and not to those in the justice courts, which latter are governed
> in that respect by section 2535 of said Laws.

The petitioner for habeas corpus in this case was convicted in a criminal action for the crime of libel in the justices'
court for the precinct of Cape Nome, Alaska, and is in
custody by virtue of a commitment upon said judgment, in
the district jail of the town of Nome.

G. B. Grigsby, of Juneau, and Hugh O'Neill, of Nome, for
petitioner.

F. M. Saxton, U. S. Dist. Atty., of Nome, for defendant.

TUCKER, District Judge.   Complaining that said judgment is null and void, and without any legal force or effect,
in this, to wit, that said judgment was rendered in the case
without his consent and before the period of six hours had
elapsed from the time the jury found him guilty, the defendant or petitioner now applies to this court for a habeas corpus.

The claim of petitioner that said judgment of the justice's
court is null and void is based on section 2287 of the Comp.
Laws Alaska 1913, which provides that in no case can judgment be given, except by the consent of the defendant, in less
than six hours after verdict.   That the judgment against petitioner was given within less than six hours after the verdict, and without petitioner's consent, is not denied, but ad

mitted. That being so, the sole question before this court for determination is as to the validity of the judgment. If the judgment is null and void, relief may be had by habeas corpus; but if the judgment is erroneous only, the relief is by appeal, and not by habeas corpus.

In the case of Ex parte Hemstreet, 18 Cal. App. 639, 123 Pac. 984, it was decided with reference to a statute similar to ours that a judgment given more than two days after verdict is not void, but merely erroneous, although the statute proved that the judgment should be given within two days. While this decision is not controlling or binding upon this court, I am of opinion that it states the law correctly. But, even if I am mistaken in this view of the case, it is perfectly manifest, from a consideration of sections 2287 and 2535, Comp. Laws Alaska 1913, and the use of the terms "justice" and "court" respectively therein, that section 2287 applies only to judgments given in the district court, and section 2535 to judgments given in the justice's court. Chapters 41 and 42 of the Code of Criminal Procedure provides for the jurisdiction of justice's court and for the trial of criminal actions therein, while these subjects of judicial administration in the district court are provided for in preceding chapters of said Code. In giving judgment in the justice's court the trial magistrate is to be guided and controlled by the terms of section 2535, and it is plain from the terms therein that he may give judgment immediately, either upon the defendant's pleading guilty or upon his conviction by justice or jury. Section 2535 prescribes for the giving of judgment by the justice (using the word "justice"), while section 2287 prescribes for the giving of the judgment by the court (using the word "court"), showing plainly that the former applies to the justice's court and the latter to the district court, in which the limitation of six hours only is prescribed.

The remarks of the court in the case of Mayhew v. City of Eugene, 56 Or. page 112, 104 Pac. 7.30 [Ann. Cas. 1912C, 33], are particularly pertinent and forcible as applied to this case. In that case the court said:

"Neither justice's court nor recorders' courts have regular sessions, but proceed according to the exigencies of the business before them, and it certainly was never the intention of the Legislature that they should be kept in session 48 hours after the trial of each case for the sole purpose of pronouncing judgment upon offenders."

For these reasons I am of the opinion that application for the writ of habeas corpus in this case must be denied, and the defendant or petitioner remanded to the custody of the United States marshal.