STATE, RESPONDENT, v. WHITMORE, APPELLANT.

(No. 7,084.)

(Submitted March 17, 1933.  Decided April 17, 1933.)

[21 Pac. (2d) 58.]

120

Messrs. *Ayers & Ayers* and *Mr. Aaron R. Shull,* for Appellant, submitted a brief; *Mr. Robert C. Ayers* argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, for the State, submitted a brief; *Mr. C. J. Dousman,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Daniel Whitmore, Jr., was convicted of the crime of rape, under an information charging that the act was committed "by violence and force," and against the will and consent of his victim; he has appealed from the judgment.

It is first asserted that the information is insufficient in that it does not allege that the girl assaulted resisted and that her resistance was overcome by force and violence.

Rape is defined as "an act of sexual intercourse, accomplished with a female, not the wife of the perpetrator: * * * 1. When the female is under" the age of consent; (2) where she is incapable of consenting because of lunacy, etc.; (3) "where she resists, but her resistance is overcome by violence or force"; (4) when she is prevented from resisting

by threats of immediate and great bodily harm, or anesthetic administered; (5) "where she is, at the time, unconscious of the nature of the act, and this is known to the accused." (Sec. 11000, Rev. Codes 1921.)

The question as to whether or not the prosecuting witness, in any case, offered that resistance which the law requires, and in what manner her resistance was overcome, is a matter of proof rather than pleading, and an information charging that the act was accomplished by violence and force and against the will and consent of the female is sufficient as a pleading, and will warrant proof either of resistance overcome by violence or superior force, or of threats of a nature to excuse resistance. (*State* v. *Morrison*, 46 Mont. 84, 125 Pac. 649.)

It is contended that the evidence was insufficient to warrant the judgment, and that, if believed, the testimony of the prosecuting witness presented a fatal variance from the crime charged, in that it showed that the act was accomplished while she was unconscious.

The evidence on the part of the prosecution is to the effect that the defendant and the girl in question were neighbors and life-long friends; the girl, of the age of eighteen years, was chaste, and had been out with the defendant on many occasions, on all of which he treated her with respect. On the night of November 27, 1931, the two attended a dance, after which the defendant and the girl left in a car. Instead of taking her home, defendant drove two miles into the country and turned into a field, where he solicited intercourse, which was refused by the girl. The defendant, who had been drinking but was not intoxicated, thereupon, according to the story told by the girl, grabbed her by the shoulder and stated that he would succeed if he had to knock her out first; she broke away and succeeded in leaving the car. The defendant followed and struck the girl a "heavy blow" in the face, causing her nose to bleed and rendering her so "stunned" that she had little recollection or knowledge of what then transpired. After the defendant had returned the girl to the car and there accomplished the act, he took her home, where she was met

by her mother, to whom she immediately made complaint; her mother described her condition as highly nervous and hysterical. The next morning the girl was examined by a physician, who found the hymen recently ruptured, and her nose swollen, bruised and discolored.

The defendant's story is that the girl consented; he explained her bruised face by saying that, after she got into the rear seat of the car and he was joining her there, he slipped on some snow on the floor and, falling, struck her in the face with his elbow.

The term "unconscious," used in the fifth subdivision of the above definition of "rape," has no reference to the loss of physical or mental faculties through assault and violence; that subdivision has only to do with a situation where the female is unconscious "of the nature of the act." If resistance is overcome by force or violence, either before or during the perpetration of the act, or if the female is rendered helpless by an assault prior thereto, and remains so until the act is accomplished, even though she is unconscious or in a semi-conscious state while the act is being accomplished, the proof of her condition, as a reason for nonresistance, brings the case within the third subdivision of the definition. (*State* v. *Reid,* 39 Minn. 277, 39 N. W. 796; *State* v. *Bancroft,* 23 N. D. 442, 137 N. W. 37; *Lancaster* v. *State,* 168 Ga. 470, 148 S. E. 139.)

There was no variance between the pleading and the proof. The evidence was ample to warrant the verdict and judgment.

The defendant attempted to establish his good reputation ▉ by placing a number of witnesses on the stand, who testified that it was good. On rebuttal the state placed a young woman on the stand to testify that his reputation with reference to his conduct while with young girls was bad; on cross-examination the witness displayed a lack of knowledge of the meaning of the word "reputation," and stated that she spoke from personal experience and knowledge, but later testified that she had talked with other women, and knew his reputation from what others said about him. Error is predicated on

the court's refusal to strike out this evidence. No error was committed.

Complaint is made of the court's refusal to give four offered ██ instructions. The first of these is an instruction to acquit; the second an attempted adaptation of the circumstantial evidence rule to positive testimony, and consequently inapplicable to the case; the third and fourth have to do with evidence as to good character. In so far as these instructions correctly state the law, the subject matter is fully covered by instructions given, but they contain erroneous theories which alone would have justified their rejection; for example, that "the law says that good character may be sufficient to raise a reasonable doubt as to his guilt in this case, although no such doubt would exist but for such good character."

Finding no reversible error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.