In the Matter of the Habeas Corpus of Roy Edward CHILDERS, Petitioner.

No. A–12439.

Criminal Court of Appeals of Oklahoma.

April 24, 1957.

Roy Edward Childers, petitioner, per se.

Mac Q. Williamson, Atty. Gen., for respondent.

BRETT, Presiding Judge.

■ This is an original, verified petition for writ of habeas corpus brought by Roy Edward Childers, petitioner, wherein he alleges he is being unlawfully restrained of his liberty by H. C. McLeod, Warden of the Oklahoma State Penitentiary, McAlester Oklahoma, by virtue of a certain judgment and sentence rendered by the District Court of Oklahoma County, Oklahoma, sentencing the petitioner to three years in the penitentiary for the crime of rape in the second degree. Petitioner alleges that said restraint is illegal and unauthorized for the reason the District Court acquired no jurisdiction in that the information attempted to charge petitioner with the crime of second degree rape while the alleged victim "was asleep and at the time unconscious of the nature of the act of sexual intercourse, and said fact was known to the defendant; * * *." Petitioner further alleges that the aforesaid allegation in the information is contrary to 21 O.S.1951 § 1111(7), defining the charge of rape.

We do not find any merit in the petitioner's contention. The above statute reads, in part, as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: * * *

"7th. Where she is at the time unconscious of the nature of the act and this is known to the accused."

The evidence reveals that on the 1st day of May, 1955, some minutes after 3:00 o'clock P.M., the petitioner made forcible entry into the home of the victim and criminally assaulted her as both she and her husband lay, in a normal slumber, in bed. She was awakened by the act of the petitioner and aroused her husband who pursued the petitioner from the house with a knife. Penetration was established by competent testimony.

■ Our research does not reveal where an attack of this nature has previously been brought to the attention of this Court. Nor, do we find any previous expression by this Court construing the aforementioned seventh subdivision of 21 O.S.1951 § 1111. We do find, however, that this petitioner is not the originator of this method of committing rape. In State v. Welch, 191 Mo. 179, 89 S.W. 945, 947, wherein a similar situation arose, the Court said:

"The general, if not universal, rule is that, if a man have connection with a woman while she is asleep, he is guilty of rape, because the act is without her consent. * * * 'We are, therefore, unanimously of opinion that the crime, which the evidence in this case tends to prove, of a man's having carnal intercourse with a woman without her consent, while she was, as he knew, wholly insensible so as to be incapable of consenting, and with such force as was necessary to accomplish the purpose, was rape.' "

In Payne v. State, 40 Tex.Cr.R. 202, 49 S.W. 604, 76 Am.St.Rep. 712, it is held that an act of copulation by a man with a sleeping woman, without her consent, is sufficient to constitute rape, although the force used be only such as is necessary to the mere act of copulation. See also State v. Stroud, 362 Mo. 124, 240 S.W.2d 111.

■■ The Montana statute is identical with the Oklahoma statute in this respect. In State v. Whitmore, 94 Mont. 119, 21 P. 2d 58, 59, the Supreme Court, in construing this section, said:

"The term 'unconscious,' used in the fifth subdivision of the above definition of 'rape,' has no reference to the loss of physical or mental faculties through assault and violence; that subdivision

has only to do with a situation where the female is unconscious 'of the nature of the act.' "

In 75 C.J.S., Rape, § 11, p. 473, we find:

"The act of sexual intercourse is against the female's will or without her consent when, for any cause, she is not in a position to exercise any judgment about the matter."

■ It is easily understood, and universally recognized, that a person who is unconscious by reason of intoxication, drugs, or sleep, is incapable of exercising any judgment in any matter whatsoever.

For all the foregoing reasons, we find the information to be sufficient to charge the crime alleged, and the trial court therefore had jurisdiction of the subject matter, jurisdiction of the person charged, and authority under the law to pronounce the judgment and sentence. The petition for writ of habeas corpus is accordingly denied.

POWELL and NIX, JJ., concur.