**Lawrence C. STADLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–95–855.

Court of Criminal Appeals of Oklahoma.

June 3, 1996.

Ollie W. Gresham, Attorney at Law, Tulsa, for defendant at trial and on appeal.

Elizabeth C. Hocker, Assistant District Attorney's Office, Tulsa, for the State at trial.

W.A. Drew Edmondson, Attorney General of Oklahoma, Sandra D. Howard, Assistant Attorney General Chief, Criminal Appeals, Oklahoma City, for appellee on appeal.

## SUMMARY OPINION

JOHNSON, Presiding Judge.

Appellant, Lawrence C. Stadler, was tried by a jury before the Honorable B.R. Beasley in the District Court of Tulsa County, Case No. CF–94–4267. Appellant was charged with First Degree Rape. The jury returned a verdict of guilty and recommended Appellant be sentenced to seventeen (17) years imprisonment. The trial court sentenced Appellant in accordance with the jury's recommendation. From this Judgment and Sentence, Appellant has perfected his appeal to this Court.

■ Appellant raises the following propositions of error in support of his appeal:

I. The evidence was insufficient to prove Rape First Degree as set forth in the information;

II. Because the alleged victim's testimony was inconsistent, contradictory and unbelievable, the State should have been required to corroborate her testimony before the defendant could be convicted of the crime; and

III. The defendant's demurrer should have been granted.

After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we find merit with Appellant's first proposition of error. The remaining two assignments of error are denied.

In his first assignment of error, Appellant contends the State failed to offer any evidence to support the first degree rape element of "unsoundness of mind." Appellant was charged pursuant to 21 O.S.1991, § 1114(A)(2) which defines Rape in the First Degree as "rape committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent regardless of the age of the person committing the crime...."

Appellant contends that the fact the victim was unconscious at the time of the attack due to intoxication does not satisfy the element of "unsoundness of mind." Rather, Appellant submits that if any rape occurred at all in this case, the act would amount to second degree rape.

Upon review of the rape statutes, it is clear the Legislature did not intend the term "unsoundness of mind" to cover those situations in which a victim is simply unconscious. Title 21, Section 1111(A) lists seven separate circumstances under which intercourse with

another is classified as rape. Section 1111(A)(2) specifically covers those situations in which "the victim is incapable through mental illness or any other unsoundness of mind, whether temporary or permanent, of giving legal consent." Section 1111(A)(5) deals directly with those instances in which the "victim is at the time unconscious of the nature of the act and this is known to the accused." Thus, it appears the Legislature intended to make a distinction between intercourse with a victim who is of unsound mind and a victim who is unconscious.

■ While intercourse under both the above circumstances amounts to rape, rape committed on a person of unsound mind is the only one specifically enumerated as first degree rape. 21 O.S.1991, § 1114(A)(2).[1] The rape of an unconscious individual is classified as second degree rape. 21 O.S.1991, § 1114(B) (provides that in all other cases, rape or rape by instrumentation is second degree rape).[2]

Furthermore, a review of the Oklahoma Uniform Jury Instructions—Criminal (OUJI–CR) supports the above conclusion. OUJI–CR 479 lists the elements of Rape in the First Degree. This list covers those instances in which the victim is incapable of consenting to an act of intercourse due to "mental unsoundness." OUJI–CR 481 defines "mental unsoundness" as follows:

A PERSON IS INCAPABLE OF CONSENT DUE TO MENTAL UNSOUNDNESS IF THAT PERSON IS [A MENTALLY ILL PERSON. A "MENTALLY ILL PERSON" MEANS ANY PERSON AFFLICTED WITH A SUBSTANTIAL DISORDER OF THOUGHT, MOOD, PERCEPTION, PSYCHOLOGICAL ORIENTATION OR MEMORY THAT SIGNIFICANTLY IMPAIRS JUDGMENT, BEHAVIOR, CAPACITY TO RECOGNIZE REALITY OR ABILITY TO MEET THE ORDINARY DEMANDS OF LIFE] [A MENTALLY DEFICIENT PERSON. A MENTALLY DEFICIENT PERSON MEANS A PERSON AFFLICTED WITH MENTAL DEFECTIVENESS FROM BIRTH OR FROM AN EARLY AGE TO SUCH AN EXTENT THAT HE/SHE IS INCAPABLE OF MANAGING HIMSELF/HERSELF AND HIS/HER AFFAIRS; WHO, FOR HIS/HER OWN WELFARE OR THE WELFARE OF OTHERS OF THE COMMUNITY, REQUIRES SUPERVISION, CONTROL OR CARE; AND WHO IS NOT MENTALLY ILL OR OF UNSOUND MIND TO SUCH AN EXTENT AS TO REQUIRE HIS/HER CERTIFICATION TO A FACILITY FOR THE MENTALLY ILL AS PROVIDED BY LAW.].

■ Clearly, the term "unsoundness of mind" is limited to those situations in which the victim is either a mentally ill person or a mentally deficient person. The term does not contemplate those situations in which a victim is unable to consent simply because of unconsciousness. On the other hand, OUJI–CR 482, which lists the elements of second degree rape, specifically addresses those instances when the victim is unconscious. Therefore, the Oklahoma Uniform Jury In-

---

1. Title 21, Section 1114(A) provides that Rape in the First Degree includes:

   1. rape committed by a person over eighteen (18) years of age upon a person under fourteen (14) years of age; or

   2. rape committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent regardless of the age of the person committing the crime; or

   3. rape accomplished with any person by means of force, violence, or threats of force or violence accompanied by apparent power of execution regardless of the age of the person committing the crime; or

   4. rape by instrumentation resulting in bodily harm is rape by instrumentation in the first degree regardless of the age of the person committing the crime; or

   5. rape by instrumentation committed upon a person under fourteen (14) years of age.

2. This opinion does not intend to imply that the rape of an unconscious individual could not amount to first degree rape in certain cases. If any one of the five factors enumerated in Section 1114(A) is present, the rape of an unconscious individual would amount to first degree rape. For example, if a victim's unconscious state was the direct result of force and/or violence by the perpetrator against the victim, then the rape would amount to first degree rape. 21 O.S.1991, § 1114(A)(3). *See also Simms v. State*, 735 P.2d 344 (Okl.Cr.1987).

structions—Criminal distinguish between "unsoundness of mind" and unconsciousness.

Accordingly, for the above stated reasons, we find Appellant's conviction for first degree rape should be modified to second degree rape. *See* 22 O.S.1991, §§ 1066, 1067. Appellant's seventeen (17) year sentence is modified to ten (10) years.

## DECISION

Appellant's conviction is MODIFIED to the crime of Second Degree Rape. Appellant's sentence is MODIFIED to ten (10) years.

CHAPEL, V.P.J., and LANE and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in result.

LUMPKIN, Judge, concurring in result.

I concur in the result reached in this case; however, because I find some language could be misleading, I cannot join entirely in the opinion.

I believe the opinion interprets the language of the statute too narrowly, especially as it relates to subsection (5) of Section 1111. The opinion does not read the entire phrase; instead, it focuses on the word "unconscious" to the exclusion of the rest of the phrase. The phrase in its entirety reads:

A. Rape is an act of sexual intercourse involving vaginal or anal penetration accomplished with a male or female who is not the spouse of the perpetrator and who may be of the same or the opposite sex as the perpetrator under any of the following circumstances:

. . . .

5. Where the victim is at the time unconscious *of the nature of the act and this is known to the accused;*

In other words, I would focus not only on the word "unconscious," but also that the person be unconscious of the nature of the act, and that fact be known to the accused. It is this complete phrase which defines rape.

The word "unconscious" has more meanings than simply "out like a light"; it also has a connotation of being unaware of one's surroundings, as in being absent minded or unaware of all the facts surrounding a particular circumstance. Here, for example, a person would be at the age of consent, not mentally incapable, yet for whatever reason not be "conscious" of the full ramifications of the act. The word has been defined as "without conscious thought of feeling, esp. without psychological awareness and hence not capable of being consciously scrutinized," such as one having "unconscious resentment" or "unconscious anxieties." *Webster's II New Riverside University Dictionary* at 1256 (Houghton Mifflin 1988).

Here, though, there seems to be little question the victim was not conscious. Her situation is similar to that in *Ex parte Childers,* 310 P.2d 776 (Okl.Cr.1957), where the defendant entered the home of the victim and assaulted her as both she and her husband lay, "in a normal slumber," in bed. The act awakened the victim, who called the assault to the attention of her husband.

After reviewing caselaw from other jurisdictions, this Court had no difficulty in labeling the crime as rape, *Id.* at 777. The Court reasoned that the crime

... of a man's having carnal intercourse with a woman without her consent, while she was, as he knew, wholly insensible so as to be incapable of consenting, and with such force as was necessary to accomplish the purpose, was rape.

*Id.* It was the act of copulation without consent which constituted the crime, even if no force were used. *Id.*

For our purposes, the key language lay in the Court's interpretation of the phrase as used in the statutes. Referring to a case from Montana, where the statute was identical to ours, the Court said:

The term 'unconscious,' used in the fifth subdivision of the above definition of 'rape,' has no reference to the loss of physical or mental faculties through assault and violence; that subdivision has only to do with a situation where the female is unconscious 'of the nature of the act.'

*Id.* at 777–78. After quoting from other sources, the Court concluded:

It is easily understood, and universally recognized, that a person who is unconscious *by reason of intoxication, drugs, or sleep,* is incapable of exercising any judgment in any matter whatsoever.

*Id.* at 778 (emphasis added). In other words, the Court's concern was that the victim be unconscious of the nature of the act, whether by drugs, sleep, or as here, intoxication. From this, I am forced to conclude that it is of no apparent consequence how the victim came to be unconscious of the nature of the act. When one combines this with Subsection 1111(A)(4) of Title 21, the subsection dealing with narcotics and anesthetic agents,[1] the interpretation of this provision must be that it is the state of the victim's mind, not the means, with which the Legislature is concerned.

This case is a hybrid between someone who is assaulted while merely sleeping and one who is assaulted while under the influence of a narcotic or anesthetic agent. In each case, the victim cannot give consent. Based on this dicta from *Childers,* I would concur in the result reached here.

It seems inconsistent to allow a person to use overt force to overcome a victim's will and call that first degree rape; yet let that same person by deceit and the use of an intoxicant or narcotic overcome a victim's will, and call that second degree rape. Still, it is the job of the Legislature, not this Court, to determine crimes and punishment. The *Childers* case has been on the books for nearly 40 years. Its acceptance by the Legislature evinces an intent that acts such as this constitute rape in the second degree, not first degree.

---

1. That section reads:
   A. Rape is an act of sexual intercourse involving vaginal or anal penetration accomplished with a male or female who is not the spouse of the perpetrator and who may be of the same or the opposite sex as the perpetrator under any of the following circumstances:

   . . . .
   4. Where the victim is intoxicated by a narcotic or anesthetic agent, administered by or with the privity of the accused as a means of forcing the victim to submit;