[S. F. No. 5449.  In Bank.—January 6, 1910.]

## CHARLES E. RANKIN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

CRIMINAL LAW.—EXTENSION OF TIME FOR PRONOUNCING JUDGMENT—SECTION 1191 OF PENAL CODE AS AMENDED IN 1909.—Under section 1191 of the Penal Code, as amended in 1909, the court has no authority, in a criminal case where no question of the defendant's sanity is raised, to fix the time for pronouncing judgment for a day later than five days after verdict; provided, however, that if a motion for new trial or in arrest of judgment is made, the court may for the purpose of deciding the same extend the time for ten days, and if the question of probation is considered, it may for that purpose extend the time twenty days.  These two provisions for extension of time are not cumulative, and the latest date to which the court is authorized to extend the time for rendering judgment, where present insanity is not involved, is a day not more than twenty-five days after the date of the return of the verdict.

ID.—DEFENDANT ENTITLED TO NEW TRIAL ON FAILURE TO PRONOUNCE JUDGMENT IN TIME.—Under section 1202 of the Penal Code, as

amended in 1909, the failure of the court to pronounce judgment within the time limited by section 1191 *ipso facto* entitles the defendant to a new trial.

ID.—Prohibition Does Not Lie to Prevent Judgment after Lapse of Time.—Notwithstanding the failure of the court to pronounce judgment within the time so limited, it still retains jurisdiction to order the new trial and proceed therewith to verdict and final judgment. If it should refuse a new trial and render judgment after the authorized time had passed, its action would be erroneous and the judgment would be reversed on appeal. A judgment so rendered, although erroneous, would not be in excess of the jurisdiction of the court, and its rendition will not be restrained on prohibition.

APPLICATION for a Writ of Prohibition directed to the Superior Court of the City and County of San Francisco. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Charles H. Fairall, for Petitioner.

THE COURT.—The petitioner was convicted of grand larceny in the superior court of the city and county of San Francisco by a verdict returned on September 10, 1909. Judgment has not yet been pronounced on the verdict and the superior court has set the seventh day of January, 1910, as the time for passing sentence. The petitioner, claiming that by this delay the court has lost jurisdiction to give judgment, asks for a writ of prohibition to restrain the superior court from pronouncing judgment, or further proceeding in the case.

Section 1191 of the Penal Code, as amended in 1909, [Stats. 1909, p. 898], provides that the court must pronounce judgment within not less than two nor more than five days after the verdict or plea of guilty; but that, for the purpose of hearing and determining a motion for a new trial, or in arrest of judgment, this time may be extended not more than ten days, that it may extend the time not more than twenty days to consider the question of probation under section 1203, and that if the question of defendant's present insanity is raised, under sections 1367 to 1373, the court may further extend the time until his sanity is determined. No question of his sanity is raised and no proceeding to determine such sanity has been initiated.

The effect of this section is that the court has no authority to fix the time for pronouncing judgment for a day later than five days after the verdict; that if a motion for new trial or in arrest of judgment is made, the court may, for the purpose of deciding the same, extend the time for ten days, and that where the question of probation is considered, the court may, for that purpose, extend the time twenty days. These two provisions for extension of time are not cumulative and the latest date to which the court is authorized to extend the time for rendering judgment, where present insanity is not involved, is a day not more than twenty-five days after the date of the return of the verdict.

Section 1202 of the Penal Code, as amended in 1909 [Stats. 1909, p. 898], provides that if at the time fixed for pronouncing judgment no sufficient cause appears why judgment should not be given, it must then be rendered, and that "if not rendered or pronounced within the time so fixed or to which it is continued under the provisions of section eleven hundred and ninety-one of this code, then the defendant shall be entitled to a new trial"; and further that "if the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion within the time fixed for pronouncing judgment, or within the time to which the same is continued under the provisions of section eleven hundred and ninety-one of this code, then the defendant shall be entitled to a new trial."

The purpose sought to be accomplished by the amendment of these and other sections of the Penal Code amended by the same legislature, evidently was to prevent the delays which sometimes ensued in the superior courts in criminal cases between the time the verdict was rendered and the time of passing sentence, and between the time of sentence and the time of filing in the appellate courts the record on appeal, in case an appeal was taken. For the latter end, bills of exceptions were practically abolished and a reporter's transcript of the evidence substituted therefor. Sections 1191 and 1202 were directed to the end of preventing delay in rendering judgment. For that purpose the power of the court to extend the time was abridged, and to prevent the superior courts from arbitrarily ignoring or disobeying the law in that respect, it was declared that if the time was extended beyond that authorized, the

defendant should perforce be entitled to a new trial. If judgment was not pronounced within the time limited, a new trial was made imperative if the defendant so desired; he became "entitled" to it. This does not indicate a legislative intent that the lapse of time and failure of the court to render the judgment within the time fixed should oust the court of further jurisdiction to proceed in the case and render a dismissal necessary. On the contrary, it necessarily implies that the jurisdiction shall continue and that the court shall retain authority to order the new trial and proceed therewith to verdict and final judgment. If the court should refuse a new trial and render judgment against the defendant after the authorized time has passed, its action would be erroneous and the judgment would be reversed on appeal, if an appeal should be taken. But as it would be a judgment rendered by a court having jurisdiction of the subject-matter and of the person, it would not be void, nor subject to collateral attack upon the ground of its untimely rendition. As the court, even if it does give judgment, as the petitioner alleges it to be about to do, will not be acting without, or in excess of its jurisdiction, prohibition is not maintainable. (Code Civ. Proc., sec. 1102.)

For these reasons the application for an alternative writ of prohibition is denied.