[Crim. No. 344.   Second Appellate District.—September 15, 1914.]

THE PEOPLE, Respondent, v. STEVE POLICH, Appellant.

CRIMINAL LAW—JUDGMENT—DELAY IN RENDERING—REVIEW ON APPEAL.
A judgment in a criminal case will not be reversed on appeal because it was not rendered or pronounced until seven days after the rendition of the verdict, in the absence of a motion or demand for a new trial on the ground of such delay.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Frank A. McDonald, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant having been convicted of the crime of robbery, appeals from the judgment and from an order denying his motion for a new trial.

The verdict was entered on March 27, 1914. The minutes of the court for March 31st, after showing the presentation of a motion for a new trial and the ruling thereon, state that an application for probation was entered for the defendant ''and the ruling thereon and the matter of pronouncing judgment herein are continued to April 3, 1914.'' On April 3rd the defendant was in court with his counsel; the application of defendant was denied and the court pronounced judgment against him.

The only reason suggested for a reversal is that the judgment was not rendered or pronounced until seven days after the rendition of the verdict. This matter is controlled by sections 1191, 1202, and 1203 of the Penal Code. The general rule is that judgment must be pronounced not less than two nor more than five days after verdict, but it is further provided, among other things, that ''the court may extend the time not more than twenty days in any case where the question of probation is considered, in accordance with section 1203 of this code.'' It is true, as suggested by defendant's attorney, that the record does not affirmatively show that the court referred the matter of probation to the probation officer for a report or that any report was made. If this report was essential under the circumstances, it will be presumed that the court proceeded regularly in the matter since the record shows nothing to the contrary. Furthermore, it does not appear that the defendant objected to the pronouncing of judgment on April 3rd, or that he demanded a new trial upon the ground that the five days' limit had expired. ''If the judgment was not pronounced within the time limited, a new trial was made imperative if the defendant so desired; he became 'entitled' to it. . . . If the court should *refuse* a new trial and render judgment against the defendant after the

25 Cal. App.—30

authorized time has passed, its action would be erroneous and the judgment would be reversed on appeal if an appeal should be taken." (*Rankin* v. *Superior Court,* 157 Cal. 189, 192, [106 Pac. 718].) The foregoing decision is authority for the proposition that the court had jurisdiction of this case on April 3, 1914, and that it might rightfully enter the judgment in the absence of a motion or demand for a new trial based upon the claim of delay in rendering judgment.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.