[Crim. No. 374. Second Appellate District. February 16, 1915.]

THE PEOPLE, Respondent, v. G. S. OKOMOTO, Appellant.

CRIMINAL LAW—FORGERY—PLEADING—SUFFICIENCY OF INFORMATION.—
In a prosecution for the crime of forgery where the information charged that the defendant did for the wrongful purpose therein stated "willfully" make and forge the name of a certain person upon the instrument therein described, it was sufficient, although it did not state in terms that the name was forged "knowingly," as the charge necessarily carried with it the meaning that the defendant knew he had no authority so to do.

ID.—INTENT—WILLFUL ACT.—The word "willful" alone does not imply an intent to violate law or to injure another; but when the word is used in connection with a specific statement showing a purpose to injure another, it implies a criminal intent, if the law makes the doing of that act with that purpose a criminal act.

ID.—EVIDENCE—IDENTITY OF PERSON—SUFFICIENCY OF PROOF.—The identity of the person whose name was signed to the check in such a case is sufficiently proven to make out a *prima facie* case by the testimony of a resident witness of that name who testified that the check was not signed by him and that he did not authorize the

defendant to sign his name thereto, notwithstanding the testimony of the defendant that he wrote the name by the permission of a person of the same name who resided at another place, without producing such person or making any other substantial corroboration.

ID.—PRONOUNCEMENT OF JUDGMENT—EXPIRATION OF STATUTORY TIME—WAIVER OF OBJECTION.—Where there is a motion for a new trial or in arrest of judgment, and also an application for probation, the court has the discretionary power to extend the time for pronouncing judgment for twenty days beyond the original limit of five days after verdict, but in the absence of any request of the defendant for a further extension (no question of present insanity being involved), this is the extreme limit provided in the code; but in such a case the court had power to pronounce judgment twenty-seven days after the return of the verdict where the defendant made no objection at that time and did not ask for a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Walton J. Wood, Public Defender and David R. Faries, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, George Beebe, Deputy Attorney-General, and Robert M. Clarke, Deputy Attorney-General.

CONREY, P. J.—The defendant having been convicted of the crime of forgery, appeals from the judgment and from an order denying his motion for a new trial.

After the verdict the defendant moved in arrest of judgment on the ground "that the facts stated in the action on file herein do not constitute a public offense." The information, which accuses the defendant of the crime of forgery, charges that he "did willfully, unlawfully, fraudulently, and feloniously, with intent then and there to cheat and defraud" certain persons, make and forge the name of T. Yoshimoto to and upon a certain instrument in writing for the payment of money, which said instrument, being a check for $37.50, is set forth in full. It is in favor of G. S. Okomoto, with the signature T. Yoshimoto, and is alleged to bear on the back thereof "G. S. Okomoto." It is further charged that the

defendant "then and there well knowing that the name of said T. Yoshimoto was so falsely made and forged to and upon the said instrument in writing for the payment of money, as aforesaid, did then and there willfully, unlawfully, fraudulently and feloniously utter, publish, and pass the name of the said T. Yoshimoto so falsely made and forged to and upon the said instrument in writing for the payment of money, with the name of said T. Yoshimoto so falsely made and forged to and upon the said instrument in writing, as aforesaid, as true and genuine, with intent then and there to defraud, prejudice, and damage" the said persons.

As to the first count, it is objected that the information is improperly pleaded because it does not state in terms that the name was forged "knowingly"; and does not state that it was done by the defendant knowing that he had no authority so to do. As to the second count, the objection is that the defendant is not charged with passing the written instrument, but only that he did "pass the name of said T. Yoshimoto." While the information is not a model of pleading with respect to the points suggested, we think that it is legally sufficient. The charge that the defendant, for the wrongful purposes stated, willfully made and forged the name upon the instrument described, necessarily carries with it the meaning that he knew that he had no authority so to do. It has been held that where a defendant is charged with the commission of perjury, the use of the word "willfully" means that he made the statement with the consciousness that it was false, or with the consciousness that he did not know that it was true and with the intent that it should be received as a statement of what was true in fact. (*People* v. *Von Tiedeman,* 120 Cal. 128, 135, [52 Pac. 155].) The statement in the Penal Code, section 7, subdivision 1, that the word "willfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, includes, rather than excludes, the idea that the person doing the act was fully conscious of, or in other words, that he knew, what he was doing and all of the circumstances connected therewith which made the doing willful. The word "willfully" alone, as thus used, does not imply an intent to violate law or to injure another; but when the word is used, as in this information, in connection with a specific statement showing a purpose to injure another, it implies a·

criminal intent, if the law makes the doing of that act with that purpose a criminal act. "The word 'willfully,' in the ordinary sense in which it is used in statutes, means not merely voluntarily, but with a bad purpose." (*Commonwealth* v. *Kneeland*, 20 Pick. (Mass.) 220.)

In *People* v. *King*, 125 Cal. 369, [58 Pac. 19], where the defendant was charged with having falsely forged and counterfeited the name of a certain person to a check, the charge was held to be sufficient and the court said: "There is not such defect in matter of form as would tend to the prejudice of a substantial right of defendant. An indictment or information is sufficient if it substantially conforms to the statute. (*People* v. *Mahlman*, 82 Cal. 585, [23 Pac. 145].) And no one could say that defendant, as a man of common understanding, was not fully informed as to the acts which he had committed so as to enable him fully to prepare his defense."

At the trial of this action the prosecution introduced as a witness one T. Yoshimoto, a resident of the city of Los Angeles, who testified that the check in question, which was drawn on a bank in Los Angeles, was not signed by him and that he did not authorize the defendant or any one else to sign his name thereto. He further said that he knew the defendant by sight, but was not personally acquainted with him and had not had any business or social relations with him. The defendant testified that he wrote the name pursuant to permission given him by another T. Yoshimoto, who was a resident of Burbank, in Los Angeles County, California. The defense produced in evidence two directories, one published in San Francisco and one published in Los Angeles, in each of which was given the name T. Yoshimoto with the residence assigned to Burbank. The evidence does not show whether these two men, or either of them, had an account in the bank. When the state's witness, T. Yoshimoto, was on the witness-stand, he was asked whether at the time in question he had any deposit in that bank. The question was excluded, on objection by the defendant. It is now contended on behalf of defendant that the evidence does not sustain the verdict, because it was not sufficient to justify the jury in its implied finding that the witness T. Yoshimoto was the man whose name was forged. This contention cannot be sustained. The testimony of the witness T. Yoshimoto, taken in connec-

tion with other evidence produced by the prosecution, was sufficient to make a *prima facie* case for the state. The testimony produced by the defendant did no more than tend to raise a doubt. Taken as a whole, we cannot say that the facts and circumstances shown necessarily destroyed the effect of the evidence for the prosecution on the question of identity of the person whose name was signed to the check. The situation in law is the same as if the defendant had testified that some person having the name T. Yoshimoto, and residing at some more distant point, such as San Francisco, or some point without the state of California, had authorized him to sign this check. It was for the jury to say whether the bare statement of the defendant, without the production of the second Yoshimoto, or any other substantial corroboration, was sufficient to raise a reasonable doubt in their minds as against the evidence produced by the prosecution.

The verdict of conviction in this case was returned on September 17, 1914, and Tuesday, September 22d, was fixed by the court for pronouncing judgment. On September 22d the court granted defendant leave to file an application for probation, which application and the pronouncing of judgment were continued to September 29th, and on the 29th, "by consent of the defendant," continued to September 30th. On September 30th the defendant filed his motion in arrest of judgment and his motion for a new trial, and the cause was continued to October 2d for argument on said motions and judgment. On October 2d, by order of court, the matters of motion and sentence were continued to October 6th, and on October 6th, the said motions having been argued and submitted, the matters of probation and sentence were continued to October 14th. On October 14th the application for probation was denied and judgment was pronounced as shown by the record. Defendant claims that he is entitled to a new trial because the judgment was not pronounced within the time provided by law.

Where there is a motion for new trial or in arrest of judgment, and also an application for probation, the court has the discretionary power to extend the time for twenty days beyond the original limit of five days. In the absence of any request from the defendant for a further extension (no question of present insanity being involved), the extreme limit provided

in the code for rendering judgment is a day not more than twenty-five days after the date of the return of the verdict. (*Rankin* v. *Superior Court,* 157 Cal. 189, [106 Pac. 718] ; Pen. Code, secs. 1191, 1202.)    It will be noted that the judgment in this case was pronounced twenty-seven days after the return of the verdict.    The record does not show that the defendant made any objection to the pronouncing of judgment at that time or asked for a new trial, and the question therefore arises whether under such circumstances the judgment should be reversed on account of the delay stated.    According-ing to section 1202 of the Penal Code, if the judgment is not rendered or pronounced within the time fixed therefor by the court, or the time to which it is continued under the provi-sions of section 1191, "then the defendant shall be entitled to a new trial."    Referring to these sections, the supreme court in *Rankin* v. *Superior Court,* 157 Cal. 189, 192, [106 Pac. 718, 719], stated their effect as follows: "If judgment was not pronounced within the time limited, a new trial was made imperative if the defendant so desired; he became 'en-titled' to it.    This does not indicate a legislative intent that the lapse of time and failure of the court to render the judg-ment within the time fixed should oust the court of further jurisdiction to proceed in the case and render a dismissal necessary.    On the contrary, it necessarily implies that the jurisdiction shall continue and that the court shall retain au-thority to order a new trial and proceed therewith to ver-dict and final judgment.    If the court should refuse a new trial and render judgment against the defendant after the authorized time has passed, its action would be erroneous and the judgment would be reversed on appeal, if an appeal should be taken."    Here it appears that the defendant was entitled to a new trial; but it further appears that a new trial was not refused, inasmuch as he did not ask for it.    In re-liance upon the above quoted decision, it has been held by this court that, in the absence of any objection made by the de-fendant at the time of pronouncing judgment and in the absence of any demand made by him for a new trial upon the ground that the legal time limit had expired, the court might rightfully enter the judgment.    (*People* v. *Polich,* 25 Cal. App. 464, [143 Pac. 1065].)    A similar opinion was indicated by this court in the case of *In re Hemstreet,* 18 Cal. App. 639,

[123 Pac. 984], where it was said that under these sections of the Penal Code the trial court should, "upon application therefor," grant defendant a new trial.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.