[Crim. No. 658.   First Appellate District.—November 13, 1916.]

THE PEOPLE, Respondent, v. CLARENCE E. BOLING, Appellant.

CRIMINAL LAW — EXTENSION OF TIME FOR PRONOUNCING JUDGMENT — WHEN DEFENDANT ENTITLED TO NEW TRIAL.—Under sections 1191 and 1202 of the Penal Code, a defendant convicted of a criminal offense is entitled to a new trial where by reason of various extensions of time for the pronouncing of judgment the same was continued beyond the period of ninety-five days after the return of the verdict.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, E. D. Edwards, and James A. Burns, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of conviction of the defendant of the crime of grand larceny, and an order denying him a new trial upon his demand there-

for, made under and by virtue of sections 1191 and 1202 of the Penal Code.

The verdict of the jury finding the defendant guilty of the offense charged was rendered on March 25, 1916, and the court on that day made an order fixing March 28, 1916, as the time for pronouncing sentence. On the last-named day an order was made further continuing the time for sentence to April 4, 1916, on which day a motion for a new trial was made by the defendant and denied by the court, whereupon the defendant made an application to the court for probation, and the court extended the time for pronouncing judgment until April 20th in order to receive a report from the probation officer. On April 20th, at the request of the defendant, the court made an order continuing the time for pronouncing judgment until July 19, 1916, on which day the defendant moved the court for a new trial upon the ground that judgment had not been pronounced within the time limited by sections 1192 and 1202 of the Penal Code. Upon the hearing of said motion it appeared that these various extensions of time had resulted in continuing the time for pronouncing judgment of conviction for a period of 116 days after the day on which the verdict of the jury had been returned. The court denied the defendant's motion for a new trial made upon that ground, and proceeded to pronounce the judgment from which this appeal is taken.

We are able to see no escape from the appellant's contention that his motion for a new trial upon the last-named ground should have been granted in view of the terms of sections 1191 and 1202 of the Penal Code, and the construction which the supreme and appellate courts have placed thereon.

Section 1191 of the Penal Code reads as follows:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal, or once in jeopardy, the court must appoint a time for pronouncing judgment which must not be less than two, nor more than five days after the verdict or plea of guilty; provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment; and provided, further, that the court may extend the time not more than twenty days in any case where the question of pro-

bation is considered in accordance with section 1203 of this code, provided, however, that upon the request of the defendant such time may be further extended not more than ninety days additional. . . .''

Section 1202 of the Penal Code reads as follows:

''If no sufficient cause is alleged or appears to the court at the time fixed for pronouncing judgment, as provided in section 1191 of this code, why judgment should not be pronounced, it must thereupon be rendered; and if not rendered or pronounced within the time so fixed or to which it is continued under the provisions of section 1191 of this code, then the defendant shall be entitled to a new trial. If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion within the time fixed for pronouncing judgment, or within the time to which the same is continued under the provisions of section 1191 of this code then the defendant shall be entitled to a new trial.''

In the case of *Rankin* v. *Superior Court,* 157 Cal. 189, [106 Pac. 718], the supreme court, in construing the terms of these two sections of the Penal Code, held that the provisions for the extension of time to the extent of ten days for the purpose of deciding a motion for a new trial, and of twenty days for the purpose of determining the question of probation upon the defendant's application therefor, were not cumulative, and that the latest date to which the court was authorized to extend the time for rendering judgment was a day not more than twenty-five days after the date of the return of the verdict. This decision of the supreme court was rendered prior to the amendment of section 1191 of the Penal Code in the year 1911, by the terms of which amendment the court was authorized to make an additional extension of ninety days at the request of the defendant; but the effect of this amendment cannot be held to have changed the rule already laid down in the Rankin case; and while it is strenuously contended by the respondent herein that the language of the supreme court in that case declaring the rule was *obiter,* it nevertheless has been followed by the appellate courts in later cases (*People* v. *Polich,* 25 Cal. App. 464, [143 Pac. 1065] ; *People* v. *Winner,* 31 Cal. App. 352, [160 Pac. 689], and that being so, this court feels that if a departure is to be made from the rule laid down in the Rankin

case such departure should be made by the supreme court and not by this tribunal.

It follows necessarily that the judgment and order denying the defendant's motion for a new trial must be reversed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1917.