[Crim. No. 527.   Second Appellate District.—February 14, 1917.]

THE PEOPLE, Respondent, v. GEORGE W. GILBRETH, Appellant.

CRIMINAL LAW—NEW TRIAL—FAILURE TO PRONOUNCE JUDGMENT WITHIN STATUTORY TIME.—Under the provisions of sections 1191 and 1202 of the Penal Code, a defendant in a criminal action is entitled to a new trial, where an application for probation is made, and the time for hearing the application and for pronouncing judgment extended several times, and the application finally denied and judgment pronounced thirty-three days after the date of conviction.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

A. A. Sturges, Waldo, Root & Dysert, and G. E. Waldo, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—The defendant, by verdict of the jury returned on the fourteenth day of September, 1916, was found guilty of the crime of embezzlement, a felony. He made oral application for release on probation, and the court, without request or consent of the defendant, fixed the time for hearing of this application and for pronouncing judgment at September 28, 1916. On September 28th, at the request of defendant, time was extended to October 5th. Another extension was made from October 5th to October 10th, at the request of defendant. On October 10th, however, without the request of defendant, time was extended to October 17th, which was thirty-three days after the date of conviction. The court at the latter time denied the application for probation, and the defendant then made his motion for a new trial, the principal ground being that, under the provisions of sections 1191 and 1202 of the Penal Code, the court had no jurisdiction to pronounce judgment. Sentence being pro-

nounced, this appeal was taken from the judgment and from the order denying the application for a new trial.

The requirement of the provisions of section 1191 of the Penal Code, which limits the time for the pronouncing of judgment after conviction, has been before this court and the district court of appeal for the first district heretofore. These provisions have been construed to be mandatory in effect and designed to produce speedy determination of criminal proceedings in the trial court. We refer to the cases of *People v. Winner*, 31 Cal. App. 352, [160 Pac. 689, 23 Cal. App. Dec. 331], and *People v. Boling*, 32 Cal. App. 42, [161 Pac. 1169]. The views of this court as declared in the decision first mentioned are in harmony with those which find place in the opinion in the Boling case, which was decided in the first district. In the Boling case there was a petition for rehearing in the supreme court, which petition was denied, thereby giving the adjudication final approval. On the authority of the cases cited, defendant, the appellant here, is entitled to a new trial.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.