[Crim. No. 429.   Third Appellate District.—August 20, 1918.]

# THE PEOPLE, Respondent, v. NAPOLEON LAMATTINA, Appellant.

CRIMINAL LAW—PRONOUNCEMENT OF SENTENCE—EFFECT OF POSTPONE-MENTS.—A defendant in a criminal case is not entitled to a new trial on the ground that judgment of sentence was not pronounced within the time provided by section 1191 of the Penal Code, where on the day fixed for passing sentence (four days after verdict) he applied for probation, whereupon the time for sentence was continued for twenty days, and upon the twentieth day he consented to a further continuance of two weeks in order that the probation officer might complete his report, and upon the last day of the two-week period his application for probation was denied, whereupon he moved for a new trial, which was also denied—making fifty-two days between the rendition of verdict and sentence.

ID.—CONSENT TO POSTPONEMENT—STATEMENT OF COURT TO DEFENDANT—ABSENCE OF COERCION.—Where the defendant in a criminal case on the day fixed for pronouncing sentence, which was four days after verdict, applied for probation, and the pronouncement of the sentence was thereupon continued for twenty days, and at the expiration of the twenty-day period the probation officer asked for two weeks' additional time to complete his report, the statement of the court that unless the defendant consented to 'the continuance, the court would be compelled to pass sentence, was not a threat, and the defendant's consent was not obtained by coercion.

ID.—EXTENSION OF TIME FOR PRONOUNCEMENT OF SENTENCE—POWER OF COURT.—Where probation is applied for, and the matter of sentence

is for that reason postponed by the court, either upon its own motion or upon consent of the defendant, and probation is finally denied and a new trial is thereupon regularly demanded, the court, then obviously being without the power to impose sentence within either five or fifteen days after verdict, may, with the consent of the defendant, extend the time for the pronouncement of sentence for the purpose of considering the motion for a new trial for a reasonable number of days after the date of the denial of probation, if the exigencies of the proceedings on the motion call for it.

ID.—SECTION 1202, PENAL CODE, CONSTITUTIONAL.—Section 1202 of the Penal Code is not violative of article IV, section 25, subdivision 3, of the constitution, as local or special legislation.

APPEAL from a judgment of the Superior Court of Merced County, and from an order denying a new trial. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

L. J. Schino and Terry W. Ward, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was charged by information filed in the superior court of Merced County by the district attorney of said county with the crime of an assault with a deadly weapon with intent to commit murder. He was convicted of the crime of assault with a deadly weapon, and prosecutes this appeal from the judgment and the order denying him a new trial.

The sole point upon which the defendant relies for a reversal is that judgment of sentence was not pronounced within the time prescribed by the statute, and that, therefore, by the terms of the statute, it was the imperative duty of the trial court to grant him a new trial.

The record shows that the verdict of the jury was rendered on the thirteenth day of September, 1917, at which time the court fixed Monday, the 17th of September, as the time for pronouncing judgment. On the day last named, the defendant made an application for probation, and thereupon the court ordered that the matter of probation be referred to the probation officer of the county. The district attorney then

stated that the probation officer thought he would require approximately three weeks within which to make a proper investigation and file his report and suggested that the matter of pronouncing sentence be postponed three weeks from that day. The court thereupon continued the sentencing of the defendant to October 8, 1917, which would be twenty-five days after the verdict was rendered and recorded. On October 8th the probation officer reported that he was unable to make a final report at that time and asked for two weeks' additional time within which to do so. The court replied that an order continuing the time for the filing of the report of the probation officer would not be made unless the defendant himself requested it, and counsel for defendant consented to the making of an order giving the additional time requested by the probation officer. The court, however, insisted that the request should come directly from the defendant himself, and thereupon asked the latter, addressing him by name, if he desired "to give Mr. Bilman, the probation officer, two weeks more to inquire into your case as to whether he will give you probation." To this question the defendant replied, speaking through an interpreter, that he "would like to have a shorter time—to get it as soon as possible," whereupon the court said: "Now, the question is, before I am going to grant it, it must be with his consent, or else he will take the judgment right now, to-day. Just state to him I will make an order sending him to San Quentin to-day unless he consents to it." This declaration by the court was interpreted to the defendant, who thereupon expressed his consent to the order giving the probation officer the further time requested. The order extending the time was accordingly made and the probation officer reported, on the twenty-second day of October, 1917 (within the additional time granted him), against the application of the defendant for probation. On the same day, the defendant made a motion for a new trial, one of the grounds being newly discovered evidence, and asked for a continuance of fourteen days to enable him to file affidavits in support of his motion on said ground. The matter of hearing the motion was accordingly continued until the fifth day of November, 1917, at which time the motion for a new trial was renewed upon the additional ground "that the time for pronouncing sentence has been continued beyond the time specified by the statute." As already stated, the motion was

denied and the defendant sentenced to be confined in the state prison at San Quentin.

It will thus be observed that, from and after the day upon which the verdict was rendered to the day upon which the defendant was sentenced, fifty-three days elapsed.

Section 1191 of the Penal Code reads as follows: "After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal, or once in jeopardy, the court must appoint a time for pronouncing judgment which must not be less than two, nor more than five days after the verdict or plea of guilty; provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment; and provided, further, that the court may extend the time not more than twenty days in any case where the question of probation is considered in accordance with section 1203 of this code, provided, however, that upon the request of the defendant such time may be further extended not more than ninety days additional. If in the opinion of the court there is a reasonable ground for believing a defendant insane, the court may extend the time of pronouncing sentence until the question of insanity has been heard and determined, as provided in chapter 6, title 10, part 2, of this code."

Section 1202 of said code provides: "If no sufficient cause is alleged or appears to the court at the time fixed for pronouncing judgment, as provided in section eleven hundred and ninety-one of this code, why judgment should not be pronounced, it must thereupon be rendered; and if not rendered or pronounced within the time so fixed or to which it is continued under the provisions of section eleven hundred and ninety-one of this code, then the defendant shall be entitled to a new trial. If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion within the time fixed for pronouncing judgment, or within the time to which the same is continued under the provisions of section eleven hundred and ninety-one of this code then the defendant shall be entitled to a new trial."

As stated, the contention is that, the pronouncing of judgment of sentence having been postponed beyond the time within which section 1191 provides that sentence shall be pro-

nounced, the defendant was entitled to favorable action by the trial court on his motion for a new trial. The "following cases are cited in support of the proposition: *Rankin* v. *Superior Court,* 157 Cal. 189, [106 Pac. 718] ; *People* v. *Polich,* 25 Cal. App. 464, [143 Pac. 1065] ; *People* v. *Okomoto,* 26 Cal. App. 568, [147 Pac. 598] ; *People* v. *Winner,* 31 Cal. App. 352, [160 Pac. 689] ; *People* v. *Gilbreth,* 33 Cal. App. 23, [164 Pac. 18].

In the Rankin case, the supreme court construed sections 1191 and 1202 as mandatory in their terms, and held that where sentence is not pronounced in a criminal case within the time prescribed by section 1191, and the defendant applies for a new trial on that ground, it is the imperative legal duty of the trial court to grant the application. The other cases named necessarily adopted the construction thus placed upon said sections.

Originally, section 1191 limited the time within which sentence might be imposed, where the question of probation is considered, to "not more than twenty days." The legislature of 1911, however, amended the section by adding thereto after and following the language limiting the time to twenty days the following proviso: "Provided, however, that upon the request of the defendant such time may be further extended not more than ninety days additional."

In *People* v. *Polich,* the verdict was rendered March 27, 1914. The defendant at that time applied for probation, and for the purpose of considering that question the court postponed the sentencing of the prisoner to April 3d, seven days after the verdict was rendered. The request for probation was denied on the last-named day and the defendant sentenced to the penitentiary. The appellate court, affirming the judgment and order, held that, as the statute plainly provides, inasmuch as probation was asked for by the defendant, the trial court pronounced judgment of sentence within due time, since, under section 1191, it was within the discretion of the court, under the circumstances, to fix any time within twenty-five days after verdict rendered for the pronouncement of sentence. (*Rankin* v. *Superior Court, supra.*) It furthermore appeared in that case that the defendant made no demand for a new trial on the ground that sentence was pronounced beyond the time specified by the statute.

In *People* v. *Okomoto,* the verdict was rendered on September 17, 1914, and, probation having been applied for by the defendant, and the same denied, sentence was pronounced on October 14, 1914; within twenty-five days from the day on which the verdict was rendered. The court properly held that the sentence was pronounced within due time.

In *People* v. *Gilbreth,* 33 Cal. App. 23, [164 Pac. 18], the verdict was rendered on the 14th of September, 1916. The defendant thereupon applied to be admitted to probation and, for the purpose of considering the application, the matter of sentence was by the court of its own motion continued until September 28th. On that day, the defendant requested a further continuance for further consideration of the question of probation and the court accordingly extended the time to October 5th, on which day a further extension to October 10th was made, at the request of the defendant. On the last-named day the court, of its own volition and in the absence of a request from or the consent of the defendant, extended the time for pronouncing sentence to October 17th, thus making in all thirty-three days from the time the verdict was rendered to the time when sentence was pronounced. The defendant moved for a new trial on the ground, among others, that judgment of sentence was pronounced on a day beyond that provided by the statute *against his consent.* The appellate court sustained his appeal on that ground and reversed the case.

In *People* v. *Boling,* 32 Cal. App. 42, [161 Pac. 1169), the trial court postponed the matter of pronouncing sentence from time to time until 116 days elapsed between the date of the verdict and the day upon which the defendant was sentenced, and denied the latter's motion for a new trial made upon the ground that the matter of the pronouncement of sentence had been postponed to a day beyond the time limited by section 1191 for that act to be performed. Obviously, under the circumstances, there was open to the appellate court no other course than to reverse the judgment and order, which was done. This would necessarily have been the result even if the defendant had consented to the postponement to the day upon which the sentence was pronounced, since it appears that the sentence was pronounced one day beyond the twenty-five and ninety days which, added together, constitute the utmost limit of time to which the court is restricted for the performance of that duty. (*People* v. *Winner, supra.*)

In *People* v. *Winner,* 31 Cal. App. 352, [160 Pac. 689], the verdict was rendered on March 16, 1916. On the 20th of said month the defendant presented a motion for a new trial. Seven days thereafter—on the 27th—the court, by consent of counsel on both sides, ordered the case submitted on briefs, to be presented to the court "within five, five and two days." On April 4th, more than fifteen days after the defendant's conviction by the jury, the court made an order denying his motion for a new trial. The defendant thereupon made a motion for a new trial upon the ground that more than fifteen days had elapsed since the date of the rendition of the verdict, and upon the same ground objected to the pronouncement of judgment of sentence upon the defendant. This motion was denied. There was no question of probation presented to the court, and, therefore, the twenty-day limitation provision of section 1191 had no application. Obviously, the time within which sentence should have been pronounced had passed when that act was performed by the trial court, and, of course, the defendant was entitled to be awarded a new trial.

In the present case the situation is wholly different from those considered in the above cases. Here the trial court acted within its legal rights in postponing the matter of the imposition of sentence. In the first instance, as has been shown, the time to which the matter was continued is expressly allowed by the statute, the question of probation having been presented for consideration, and, in the second instance, the continuance was by the express consent of the defendant himself, the two postponements covering a period less than that to which the matter might have been postponed with the consent of the defendant.

It is argued, however, that the consent of the defendant to the postponement beyond the twenty-five days was not freely given, but coerced by a threat by the court that the defendant would be sentenced the day that the proposition for a further continuance was presented if he did not himself consent to the postponement. This position cannot justly be maintained. The court, having the law in view and conceiving that under its provisions the postponement of the pronouncement of sentence without the express assent of the prisoner himself would require the granting of a new trial on that ground, if it were demanded, merely meant to say, and,

indeed, all that its remarks may justly be interpreted to mean, was that, unless the defendant consented to a further continuance for the purpose of giving the probation officer further opportunity to investigate and report on the question of probation, it would be its mandatory duty to pronounce judgment of sentence that day. In other words, the statement by the court was only equivalent to saying: "If the defendant himself does not consent to a further postponement of sentence, it will be the duty of the court to sentence him now." Of course, the court was compelled to pass upon the matter and entitled to give its reasons for the ruling, and this is really all that the remarks of the court amounted to.

It is true the defendant expressed the desire that the time be shortened as much as possible, but he finally consented to the time requested by the probation officer, and, perhaps, if not acting with perfect freedom in doing so, was entirely influenced to give his consent by his attorney's ready approval, expressed in court, of the request for a further continuance.

But there arises the question whether the court lost the right to pronounce judgment of sentence on the fifth day of November, that day being the fourteenth day after the date of the order denying probation. Of course, when that order was made, the matter of probation ceased to be a matter before the court. That question, in other words, was then eliminated from the case.

The statute provides, as will be observed, that sentence must be pronounced no later than five days after the rendition of the verdict unless there is a motion submitted for a new trial, in which case the court, for the purpose of hearing and determining such motion, may extend the time not more than ten days. By this we understand the section to mean ten days in addition to the five days, otherwise the language would undoubtedly have been, "extend the time *to* not more than ten days." The section, however, further provides for further extensions of time where probation is applied for. In this case, the court could not sentence the defendant within the five or fifteen days after verdict, because probation was applied for. We, therefore, conclude that what the statute means is this: That, where probation is applied for, and the matter of sentence is for that reason postponed by the court either upon its own motion or upon the consent of the defendant, and probation is finally denied and

a new trial thereupon regularly demanded, the court, then obviously being without the power to impose sentence within either five or fifteen days after verdict, may, with the consent of the defendant, extend the time for the pronouncement of sentence for the purpose of considering the motion for a new trial for a reasonable number of days after the date of the denial of probation, if the exigencies of the proceedings on the motion called for it. This appears to be a just construction of the statute. Indeed, it is the only construction to be given unless we are required to hold that, where a motion for a new trial has been made after probation has been denied upon the consideration of that question beyond the five days' limitation, the ten "additional days" within which the court may pronounce sentence where a new trial is demanded begin to run from the date of the denial of probation. But the section does not so provide. The five and ten days' limitation *after verdict,* having long before gone by or expired, can have no application to that stage of the proceeding where probation has been denied and a new trial thereupon regularly demanded. Therefore, it must be held to be within the general spirit of section 1191 that the court has the right in such circumstances to postpone the pronouncement of judgment of sentence, if necessary to do so for a proper and just consideration and disposition of the motion, for any reasonable time after the denial of probation. Of course, it is no reply to say that it is contemplated by the section that the court should pronounce judgment immediately upon making the order denying probation. Such action would be subject to the objection that it might deprive the defendant of a fair and just consideration and determination by the court of his motion for a new trial, and, besides, such a course would come no nearer in legal effect to measuring up to the requirement that, in case of a new trial being demanded and probation not asked for, the court shall dispose of the motion not later than fifteen days *after* verdict is rendered, than if the matter of pronouncement of judgment were postponed for ten or fifteen days after the denial of probation.

We conclude that the trial court did not transcend its authority or, in other words, lose its right to pass sentence upon the defendant by postponing, under the indicated circumstances, the matter of the pronouncement of judgment of sentence to November 5th.

The attorney-general earnestly contends that section 1202 of the Penal Code is violative of article IV, section 25, of the constitution. That section of the organic law specifically designates a number of cases as to which local or special legislation is prohibited, and the third subdivision thereof declares against the passage of special laws "regulating the practice of courts of justice." It is this last provision with which it is claimed section 1202 is in conflict. This proposition, it seems, has never been presented to the supreme or other appellate courts, and, therefore, has never been directly passed upon by those courts, although, as above shown, many cases involving said section have been considered and decided by them; and in view of the conclusion at which we have arrived upon the only point made by the appellant, it is not deemed absolutely necessary to consider it here. We may, with no impropriety, say, however, that, while the argument of the attorney-general in support of the point is vigorous, we have not thus been impressed with the conviction that his position is sound. We think that *Deyoe* v. *Superior Court*, 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28], plainly negatives the contention of the attorney-general upon the proposition. In that case, Chief Justice Angellotti, in clear language and with what we esteem to be invincible logic, conclusively shows that it does not necessarily follow from the fact that a law is confined in its operation to a certain class of individuals that it involves special legislation within the contemplation of the provision of the constitution referred to. It is there held, as by the decisions it has uniformly been held, that if the individuals to whom a law is applicable constitute a class which requires legislation peculiar to itself in the matter covered by the law, then it is a general law within the meaning of that phrase as it is used in the constitution. Of course, the class upon which the law is intended exclusively to apply must be separated from all other classes of individuals by some natural or intrinsic or constitutional distinction of such a nature as reasonably to indicate the necessity or propriety of legislation restricted to that class. (*Rode* v. *Siebe*, 119 Cal. 518, [39 L. R. A. 342, 51 Pac. 869] ; *Pasadena* v. *Stimson*, 91 Cal. 238, 251, [27 Pac. 604] ; *Darcy* v. *San Jose*, 104 Cal. 642, [38 Pac. 500].)

We hardly believe that it will be denied that the class of individuals to whom only section 1202 applies is separated from all other classes of parties to actions by a positive and

natural or inherent distinction. Indeed, the section could not in the very nature of the case be applied to parties to civil actions, but of necessity can operate only upon that class of individuals who are charged with and convicted of violating the criminal law. Civil and criminal actions are as different and distinct as are manhood and boyhood, and the individuals affected by or coming within either of those classes of actions are equally as different and distinct. Obviously, there can be no doubt that the legislature has the right under the constitution to designate the occasions, if they be reasonable, upon which or any one of which a person convicted of a crime by a jury may be entitled to a new trial, and it will not be contended that a certain specified delay by the trial court in pronouncing judgment of sentence after the verdict is rendered shall constitute a ground for a new trial is an unreasonable provision in that regard. Nor (as seems to be the contention) does it constitute a valid reason for holding section 1202 invalid merely because the ground for a new trial therein provided for is not to be found in the section containing the other and long-established grounds for a new trial in criminal cases.

But, as above stated, the Deyoe case, *supra,* is, in our opinion, an authority clearly against the position of the attorney-general upon the point under consideration. Indeed, it strikes us that the case here is stronger against the claim of the invalidity of the legislation involved on the ground that it is special within the meaning of the constitutional inhibition than is the Deyoe case, for the latter case upholds a statute which applies only to a single civil action. It is there held that the statute authorizing interlocutory decrees in divorce actions, which are, of course, civil as contradistinguished from criminal actions, does not involve special legislation contrary to article IV, section 25, subdivision 3, of the constitution, notwithstanding that such decrees are generally not provided for in other actions belonging to the same general class (civil) as divorce actions.

However, the judgment and the order must be affirmed for the reasons first above given, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 19, 1918, and the following opinion then rendered thereon:

HART, J.—In petitioning for a rehearing of this case, counsel for the defendant declares in his petition that in our former opinion we failed to consider and pass upon the point—the principal and controlling point in the case—that where judgment is not pronounced in a criminal case within the time limited by section 1191 of the Penal Code, the defendant is entitled to a new trial without regard to whether he has or has not consented to the delay.

It is further stated in the petition: "We again point out that in the case at bar a motion for a new trial was made which was not determined within fifteen days after verdict of guilty."

We thought that in our original opinion both the above-stated propositions were quite fully considered and a decision thereof arrived at and announced. In the hope of making ourselves clearer to counsel, however, we will here repeat what therein we held, as we still hold, that, under the ruling in the case of *Rankin* v. *Superior Court*, 157 Cal. 189, [106 Pac. 718], probation having been applied for in this case by the defendant, the trial court was authorized to pronounce judgment of sentence at any time within twenty-five days *after the date* of the verdict, without the consent to a postponement by the defendant, said number of days consisting of the five days within which time section 1191 provides that the court must impose sentence, where probation is not asked for, and the twenty days additional time to which the court, in the exercise of its discretion, may postpone the pronouncement of sentence, where probation is applied for. We further held that, according to the construction given section 1191 of said code in the Rankin case, the language thereof, "not less than two nor more than five days after the verdict or plea of guilty," means that the time so allowed for pronouncing judgment begins to run, not on the day the verdict is rendered or plea entered, but with the day immediately succeeding that upon which the verdict has been rendered or the plea of guilty entered. Under this construction and the facts of this case, the court did not of its own motion extend the time beyond the twenty-five days within which, under the circumstances, it was authorized to postpone the matter of sentence without the consent of the defendant. The further postponement, as we show in our original opinion, was, according to the record, with the consent of the defendant, and did not extend beyond

the time to which the defendant is himself authorized by the statute to give legal consent.

As to the second point above suggested, we have only to say that in our former opinion we disposed of the proposition involved therein to our satisfaction. It would seem to be unnecessary to remark that, under the circumstances of this case, it obviously became, by reason of the application for probation. absolutely impossible for the court to have determined or disposed of the motion for a new trial within fifteen days after the date of the verdict. If it were necessary to hold that that provision was in all cases or under all circumstances to be strictly followed, then the whole section would involve the very exemplification of absurdity. So to hold would require it to be held that the question of probation would either have to be considered after a motion for a new trial was determined or not considered at all. Of course, the statute does not contemplate such a situation. The defendant, under the statute, is not only entitled to apply for probation and have that question determined before his motion for a new trial is heard and determined, but is entitled to move for a new trial, if he so chooses, and to have the motion determined, after probation is denied him. Section 1191 prescribes no particular time for disposing of such a motion after probation is denied, and we held in our original opinion, as we now hold, that in that case the court may take any reasonably necessary time for considering and disposing of the motion, and that in this case the time taken for such purpose did not involve an unreasonable delay.

Rehearing denied.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 18, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court we are not to be understood as holding that the pronouncing of judgment may be postponed beyond the lapse of the time prescribed in section 1191 of the Penal Code, as

amended in 1911. The opinion sufficiently shows that it was not so postponed in this case.

The application for a hearing in this court after decision in the district court of appeal of the third appellate district is denied.