[Crim. No. 879.    Second Appellate District, Division One.—September 22, 1922.]

## THE PEOPLE, Respondent, v. ROY R. LAUMAN, Appellant.

[1] CRIMINAL LAW—TIME OF PASSING SENTENCE—APPEAL FROM ORDER GRANTING MOTION IN ARREST OF JUDGMENT—EFFECT OF.—An appeal taken from an order granting a motion in arrest of judgment suspends the requirements of section 1191 of the Penal Code that judgment must be pronounced within not less than two or more than five days after the verdict, until the appeal has been determined.

[2] ID. — REVERSAL OF ORDER — REVIVAL OF VERDICT.—Where an order granting a motion in arrest of judgment is reversed on appeal, the verdict is revived and given new life as of the date of the filing of the *remittitur*.

[3] ID.—NEW TRIAL—FAILURE TO PRONOUNCE SENTENCE WITHIN TIME. A defendant is entitled to a new trial under the provisions of sections 1191 and 1202 of the Penal Code, where seven days elapsed between the date of the filing of the *remittitur* certifying the reversal of the order granting his motion in arrest of judgment and the date of his appearance in court for sentence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

Davis, Rush & MacDonald, John L. Richardson, T. E. Parke and Chandler P. Ward for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman and Erwin Widney, Deputies Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of a felony, it being charged that he presented false proofs of loss under a policy of fire insurance. He presented a motion for a new trial, which was denied, and then made a motion in arrest of judgment, which motion was granted. Upon an appeal taken by the people the supreme court reversed the order arresting the judgment. (*People* v. *Lauman,* 187 Cal. 214 [201 Pac. 459].) *Remittitur* certifying the judgment of the supreme court was received and filed in the trial court on the 14th of November, 1921. Defendant had been released on bail and a bench-warrant was issued to bring him into court. Upon information received by his attorney that such warrant had been issued, defendant surrendered himself into custody and appeared before the court on November 21st with his counsel. At that time his counsel presented the objection that, under the provisions of sections 1191 and 1202 of the Penal Code, no sentence could be pronounced, but a new trial should be ordered because more than five days had elapsed from the date of the verdict of the jury. The court stated that he could not hear the argument at that time, owing to the fact that another cause was on trial, and continued the hearing until the next morning. At that time defendant's counsel presented a written demand for a new trial. The hearing was continued until 2 o'clock of the same day and the court said: "I want to think about this for a little while. I will continue the matter until Friday." Friday was the 25th of November. On the latter day, the matter being called again, the court stated that he would take further time to consider the questions presented as he was not ready to decide them, whereupon a further continuance was ordered until November 28th, that being Monday. At the last-named time the court denied the application for a new trial and overruled an objection to rendering of judgment, and proceeded to sentence the defendant to a term of imprisonment in the penitentiary.

59 Cal. App.—10

This judgment appellant contends was erroneous. He first insists that the provisions of section 1191, requiring that judgment must be pronounced within not less than two or more than five days after the verdict, are mandatory, and that where there are no proceedings pending on a general motion for a new trial or for probation, as was this case, if the judgment is pronounced after the five days have elapsed, it must be reversed. [1] The motion in arrest of judgment and the ruling of the court granting the same, and the subsequent appeal by the people, must be held to have suspended the requirements of the statute as to the passing of sentence until the appeal had been determined. [2] When the appeal was determined and the *remittitur* sent down, it revived the verdict, which in law should be considered as being given new life as of the date of the filing of the *remittitur*. There was a condition attending this case which extended the date when the court was required to act further, to wit, the condition that the defendant was out on bail and was not available for the purpose of having sentence imposed upon him. The court could not legally sentence the defendant for a felony in his absence; hence was powerless by reason of the law itself to do the very thing that would have been required of him where the person of the defendant could be produced at any time upon the order of the court alone. From the record, then, it appears that the first day after the filing of the *remittitur* when the defendant was available for the purpose of being sentenced was the 21st of November, 1921. Under the terms of the statute as they have been construed, it was the court's duty, within a period of time not to exceed five days from that date, to pronounce judgment. Had appellant rested alone upon his contention first made—that sentence could not be pronounced at any time after the filing of the *remittitur* because more than five days had elapsed from the date when the verdict was returned by the jury, his plea would have been insufficient for reasons already stated. But he particularly specified the objection against the pronouncement of the judgment that more than five days had elapsed after filing of the *remittitur*, and asked for a new trial. In *Rankin* v. *Superior Court*, 157 Cal. 192 [106 Pac. 719], the court said: "If judgment was not pronounced within the time limited, a

new trial was made imperative if the defendant so desired; he became 'entitled' to it.'' ''The delay beyond the time specified for pronouncing judgment renders it imperative that defendant have a new trial *if he asks for it.''* (*People* v. *Winner,* 31 Cal. App. 352 [160 Pac. 689].) In *People* v. *Okomoto,* 26 Cal. App. 568 [147 Pac. 598], the court said: ''It appears that the defendant was entitled to a new trial; but it further appears that a new trial was not refused, inasmuch as he did not ask for it. . . . It has been held by this court that, in the absence of any objection made by the defendant at the time of pronouncing judgment and in the absence of any demand made by him for a new trial upon the ground that the legal time limit had expired, the court might rightfully enter the judgment. (*People* v. *Polich,* 25 Cal. App. 464 [143 Pac. 1065].) ''

[3] From the day the defendant appeared in court after the filing of the *remittitur,* until the day of sentence, seven days elapsed, which brought the date of sentence outside the period prescribed by the statute. A new trial should have been ordered. See the further cases: *People* v. *Boling,* 32 Cal. App. 42 [161 Pac. 1169]; *People* v. *Gilbreth,* 33 Cal. App. 23 [164 Pac. 18].

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 20, 1922.

All the Justices present concurred, except Lawlor, J., who dissented and rendered the following opinion on December 8, 1922:

LAWLOR, J., Dissenting.—I dissent.

I agree with the contention of the attorney-general that sections 1191 and 1202 of the Penal Code, as amended in 1909, have no application so far as the time within which judgment must be rendered after the reversal of an order arresting judgment is concerned. It is true that the purpose of the amendment is to secure expedition in the disposal of cases and that the conclusion announced by the

district court of appeal would tend to expedite proceedings after reversal, but as the provisions refer specifically to the remedies and the sequence of and the time within which they may be availed of after plea or verdict of guilty and no reference is made to proceedings after reversal, I think there is no statutory warrant for the construction given to the amended provisions.

The remedies provided in section 1191 which have any pertinency here are the motions for a new trial and arrest of judgment, which must be decided within fifteen days after plea or verdict, and an application for probation for the determination of which the court is allowed twenty additional days, and, on motion of defendant, this may be extended to ninety days.

In this case the first two of the remedies were exhausted. The defendant was still entitled to apply for probation. It is for this reason the order of reversal in the first appeal did not direct the superior court to proceed to judgment but remanded the cause for further proceedings in contemplation of sections 1191 and 1202.

But even if the time schedule prescribed in the statute does not apply after reversal of an order arresting judgment, the decision of the district court of appeal is based on an erroneous theory. It is because of the confusion to which this case may hereafter give rise that I deem it advisable to state my views on the subject.

It appears from the record on the original appeal that the verdict was rendered on November 25, 1919. On that day the case was set down for November 28th for judgment and sentence. When the case came up on November 28th defendant interposed his motions for a new trial and in arrest of judgment. The case was thereupon continued to December 1st, then to December 5th, and finally to December 6th, each time for the hearing of said motions and for judgment and sentence. On the latter date the motion for a new trial was denied and the motion in arrest of judgment granted.

This consumed eleven out of the fifteen days which might have been appropriated under section 1191, but as the trial court did not find it necessary to use the fifteen days, no time remained, so far as those two remedies were concerned, after the order appealed from was made. The appeal from

the order granting the motion in arrest of judgment was taken on December 6th. This, of course, had the legal effect of suspending jurisdiction in the superior court until the *remittitur* was filed.

It follows that when the *remittitur* was filed and the court acquired jurisdiction over the person of the defendant and relief was not sought by probation, judgment should have been rendered forthwith. Hence, since judgment was not rendered on the first day the defendant appeared after the filing of the *remittitur* the court was without jurisdiction to pronounce judgment and should have granted a new trial.

The theory of the district court of appeal is that on the filing of the *remittitur* the verdict "should be considered as being given new life as of the date" of such filing and that a new period of five days within which the case must be set down for judgment thereby created under section 1191, I find no warrant for this interpretation in the statute. Not only the verdict, but all the proceedings subsequent to verdict, including the motions for a new trial and in arrest of judgment, were revived on the filing of the *remittitur* and determined the course the court should pursue. The maximum of five days referred to in the first paragraph of section 1191 fixes the time the court must appoint for pronouncing judgment after a plea or verdict of guilty or a plea of former conviction or acquittal, or once in jeopardy. That time may be extended for the indicated purposes and no other. Except for probation the time provided in section 1191 had been exhausted when the appeal was taken. There was no more authority under that section to allow five days for rendering judgment after the filing of the *remittitur* and the appearance of the defendant than there would have been for granting any other number of days. To hold there was such authority is to add to the terms of the statute.

It seems to me the proper procedure would have been to arraign the defendant, review the proceedings up to date, and then inquire of him whether he had any legal cause to show why judgment should not be rendered. In that situation he might have asked for probation, in which event the case would probably have been continued. But as he did not, judgment should at once have been pronounced.